84 309
94 341

# Stoutz v. Rouse.

### Bill in Equity to Redeem Lands.

1. *Release or sale of equity of redemption.*—On principles of public policy, an agreement between mortgagor and mortgagee for the sale or release of the equity of redemption, entered into contemporaneously with the execution of the mortgage, will be set aside by a court of equity; but any subsequent contract to that effect will be sustained, unless procured by fraud, actual or constructive, or founded on a consideration grossly inadequate.

2. *Same; case at bar.*—In this case, a subsequent agreement, by which the mortgagor conveyed the premises absolutely to the mortgagee, on payment of the mortgage debt, in order to avoid the expense of a foreclosure suit, reserving to himself the right to redeem within two years, "in like manner, and upon the same terms and conditions, as if the same had been sold under a decree in chancery to satisfy the mortgage," was sustained, no fraud or unconscionable advantage being alleged or proved, and no great disparity between the value of the land and the amount of the mortgage debt.

APPEAL from Mobile Chancery Court.

Heard before Hon. THOMAS W. COLEMAN.

Appellant executed a mortgage on certain real estate, known as "Hollinger's" or "Montgomery" Island, to secure his indebtedness to appellee. This indebtedness, amounting to $5940, had become due, and to avoid a foreclosure suit and a sale of the property under chancery decree, appellant executed a deed conveying the property to appellee for said sum of $5940, and put appellee in possession thereof. It was further provided, in writing, that appellant "might redeem said property within two years from the date of the deed, in like manner, and upon the same terms and conditions, as if the same had been sold under a decree of the Chancery Court to satisfy the mortgage."

Appellant filed his bill to redeem.

AUSTILL & ERVIN, for appellant, cited Boone on Mort. § 159; Bigelow's Equity, 68; *Wyncoop v. Cowing*, 21 Ill. 570; Jones on Mort. §§ 251, 711, 241-4, 1043; *Edrington v. Hooper*, 20 Amer. Dec. 145; *Pugh v. Davis*, 96 U. S, 337; 12 Wall. 323; 12 How. 139; Smith's Man. of Equity, 316; *Hicks v. Norris*, 5 Gill & Johnson, 76; Story's Eq. Pl. § 40; 67 Ala. 274; 70 Ala. 108; *Ib.* 460; *Ib.* 318; 81 Ala. 574; Washburne on Real Prop. 153; 1 Sandf. Ch. R. 57.

F. G. BROMBERG, *contra*, cited 21 Ill. 570; 5 G. & J. (Md.) 75; 42 Ala. 32; 58 Ala. 39; 54 Ala. 35; 56 Ala. 147; *Ib.* 36; 65 Ala. 134; 41 Ala. 252; 40 Ala. 442; 26 Ala. 738; 3 Pom. Eq. Jur. 453; 15 U. S. 60; 66 Ala. 161; 99 U. S. 35..

SOMERVILLE, J.—A court of chancery will set aside any agreement entered into by a mortgagor, contemporaneously with the execution of the mortgage, by which he waives, unduly fetters, or agrees not to exercise his equity of redemption in event of default in the payment of the mortgage debt. And, as observed by Lord Chancellor

[Stoutz v. Bouse.]

Northington, in *Vernon v. Bethell*, 2 Eden, 110. "there is great reason and justice in this rule, for necessitous men are not, truly speaking, free men, but to answer a present exigency will submit to any terms that the crafty may impose upon them." The right of redemption is the creature of law, and not of contract. The parties are not, therefore, permitted by special agreement to disannex from the mortgage at the time of its execution, that which the law has declared shall be annexed to it to prevent the undue oppression of debtors by creditors. And a like rule has been applied for similar reasons to the statutory right of redemption.—*Palmer v. Palmer*, 74 Ala. 285.

But the reason of this rule, however, does not apply to any fair and *bona fide* purchase of the right of redemption which is entered into subsequently to the execution of the, mortgage. Although courts of equity will scan such a purchase with watchfulness, it will still be upheld, unless procured by fraud, actual or constructive, including any unconscientious advantage, or undue influence, or on a consideration which is grossly inadequate.—*Hitchcock v. U. S. Bank*, 7 Ala. 386; 443; *McKinstry v. Conly*, 12 Ala. 678.

It is sometime said that a purchase of the equity of redemption will be sustained only when it is based on an adequate consideration.—Thomas on Mortg. § 678; 2 Jones Mortg. (3rd Ed.) § 1045. There is much reason, however, in the rule, that in the absence of fraud, undue influence, or unconscionable advantage, the mortgagor may, at any time after the execution of the mortgage, by a new and separate contract, sell or release his equity of redemption to the mortgagee, for a consideration that is not grossly inadequate. This we incline to hold to be the better rule.—*Wynkoop v. Cowing*, 21 Ill. 570; *Hicks v. Hicks*, 5 Gill & J. (Md.) 75; 3 Pom. Eq. Jur. § 1193, note 1; *Russell v. Southard*, 12 How. (U. S.) 139; Adams Eq. (7th Ed.) *112, note 1; 4 Kent *143; 3 Add. Contr. (Morgan's Ed.) 21; 1 Jones Mortg. (3rd Ed.) § 702; *Austin v. Bradley*, 2 Day, 466.

But without deciding whether a mere inadequacy of consideration will alone authorize a court of chancery to set aside an unconditional release of such equity of redemption, we are of opinion that it will not justify the setting aside of the present transaction by which the mortgagor contracted with the mortgagee *bona fide* for a valuable consideration, to reduce his equity of redemption to a statutory right of

[Stoutz v. Rouse.]

redemption. The mortgagee certainly had the right to go into a chancery court and foreclose his mortgage by due process of law. Had he done so, the result would have been to cut off the mortgagor's right of redemption, and convert it into a statutory right of redemption, thus vesting the legal title of the estate absolutely in the mortgagee subject only to the right of the mortgagor, and certain other parties in privity with him, to redeem the premises on terms specified in the statute and within two years from the date of the foreclosure. And this would be true if the mortgagee himself bought at the foreclosure sale, or even under a power in the mortgage.—*Mewbern v. Bass*, 82 Ala. 622; *Cooper v. Hornsby*, 71 Ala. 62; *Comer v. Sheehan*, 74 Ala. 452; Code, 1886, §§ 1879, *et seq.* Why may not the mortgagor and mortgagee provide by a fair contract, without resort to the courts, for doing precisely what the law would do for them? Shall the law prohibit the parties from contracting *bona fide* at an agreed price, to do what it will compel by legal process? We think not, unless the relation of the parties is used to acquire some undue influence by which the creditor unfairly oppresses the debtor, or the sale made is based on a grossly inadequate consideration, for the legal effect of the transaction is that of a sale with the privilege of re-purchase within two years, and not of a mortgage, or security for a debt. This is not an unfair sale of the equity of redemption, nor an unreasonable fettering of it within the meaning of the law. It merely converts it by contract into the statutory right of redemption, in order to save the expenses of foreclosure incident to a suit in chancery. The law highly favors the compromise of law suits, whether pending or threatened, upon the soundest principles of public policy.

That is all that has been done in this case. The transacaction clearly extinguished the mortgage debt, which amounted to nearly six thousand dollars. 2 Wash. Real Prop. (5th Ed.) 204. Admitting the mortgaged lands to be worth nominally as much as ten thousand dollars, as averred in the bill, the complainant shows, in our opinion, no ground for relief. It is not averred that the land would probably have brought more at a foreclosure sale than the price obtained for it.

There is no fraud alleged or proved, and the mere fact that the mortgagor was in bad health does not show undue

[Homer v. Schonfield.]

influence or unconscionable advantage taken of him by the mortgagee.

The bill being filed after the expiration of the two years allowed by contract for redemption was properly dismissed. Affirmed.

