# Peagler *v.* Stabler.

*Bill in Equity to have Absolute Conveyance declared Mortgage, and for Account and Redemption.*

1. *Declaring absolute conveyance to be mortgage, or conditional sale; admissibility of parol evidence.*—The principle is well settled, that parol evidence is admissible to show that a conveyance, absolute on its face, was intended to operate only as a mortgage; but, to have this effect, the evidence must be clear and convincing, and it is not admissible to show that the transaction was a conditional sale, or a sale with the right to re-purchase.

2. *Sale or release of equity of redemption.*—Courts of equity regard with great jealousy any attempt to destroy or embarrass the exercise of the right of redemption, extending equal protection to the equity of redemption and the statutory right of redemption; but a subsequent contract between the parties for the sale or release of the right of redemption, fairly made, without any fraud, oppression, or undue advantage, will be sustained, unless the inadequacy of the consideration paid is so great as to shock the conscience, forcing the conviction that the transaction was not fair and *bona fide*.

APPEAL from the Chancery Court of Lowndes.
Heard before the Hon. JOHN A. FOSTER.

WATTS & SON, for appellant, cited *McKinstry v. Conly*, VOL. 91.

[Peagler v. Stabler.]

12 Ala. 678; *Connell v. Woodruff*, 77 N. Y. 203; *Judge v. Wilkins*, 19 Ala. 765; *Wood v. Craft*, 85 Ala. 260; *Stoutz v. Rouse*, 84 Ala. 309; *McMillan v. Jewett*, 85 Ala. 476; Jones on Mortgages, §§ 711–12; Pom. Equity, § 1204.

CLEMENTS & BREWER, *contra*, cited *Crews v. Threadgill*, 35 Ala. 344; *Turnipseed v. Cunningham*, 16 Ala. 501; *Wells v. Morrow*, 38 Ala. 125; *Mitchell v. Wellman*, 80 Ala. 16; *Goodman v. Pledger*, 14 Ala. 114; *Wilkinson v. Turner*, 72 Ala. 365.

COLEMAN, J.—In December, 1884, appellees, who were complainants in the court below, borrowed from appellant twenty-four hundred dollars, for which they made their two promissory notes, one payable December, 1885, and the other December, 1886, and to secure the loan the borrowers executed a mortgage on certain lands and mules. On the 26th of December, 1887, the debt not having been paid, the complainants executed a deed of conveyance of the lands and personal property, absolute in form, to Peagler, the appellant, the consideration expressed being for the debt secured by the mortgage, and a debt of one hundred and fifty-one dollars, due from J. J. Stabler, but which individual debt of J. J. Stabler was not any part of the mortgage debt. Peagler rented the lands to J. J. Stabler, and four of the mules, for the year 1888, which, rent was paid; and he rented the lands again to him, and a part of the mules, for the year 1889. In September, 1889, the mortgagors filed their bill in the Chancery Court, praying that the deed of conveyance be declared a mortgage, and be foreclosed, or they be allowed to redeem.

By a long line of decisions it is fully established, that a deed absolute on its face may be shown by parol to have been intended to operate as a mortgage; but, to give an absolute deed this effect, the proof must be clear and convincing.—*Parish v. Gates*, 29 Ala. 261; *Mitchell v. Wellman*, 80 Ala. 19. The maxim of equity, that once a mortgage always a mortgage, is also fully recognized.—*McKinstry v. Conly*, 12 Ala. 682. Courts of equity are not favorable to conditional sales, and if it be doubtful whether the transaction was a conditional sale or a mortgage, the courts incline to hold that the agreement was intended to be a mortgage.—*Turner v. Wilkinson*, 72 Ala. 365; *Crews v. Threadgill*, 35 Ala. 343.

Courts of equity regard with great jealousy any attempt to destroy or embarrass the exercise of the right of redemption; and this principle of protection of the equity of redemption extends equally to the statutory right of redemption, which

[Peagler v. Stabler.]

may be exercised subsequent to a foreclosure, as to the equity of redemption which exists prior to a foreclosure. The maxim, that once a mortgage always a mortgage, or the principle of protection afforded to the equity of redemption, was never intended, and has never been construed by our courts, to prevent a mortgagee, by contract subsequent to the execution of the mortgage, from purchasing from the mortgagor the equity of redemption, or obtaining a release of the statutory right of redemption, if fairly made, and for an adequate consideration. Circumstances may be such as to render such a sale mutually beneficial, and entirely optional on the part of the mortgagor, uninfluenced by the relation of the parties.—*McKinstry v. Conly*, 12 Ala. *supra*; *Parmer v. Parmer*, 74 Ala. 288; 3 Add. on Con. § 1026.

Parol proof, as stated, is admissible to show that an absolute conveyance was intended to be a mere security, but parol proof is not admissible to show that an absolute conveyance was intended to operate as a conditional sale, or a sale with the right to re-purchase. It is only when the writings, whether executed as a whole or in separate instruments, express what purports to be a conditional sale, are considered with parol evidence, that courts incline to construe the instrument to be a mortgage rather than a conditional sale; or, if the instrument be absolute in form, and it be admitted there was a contemporaneous agreement, different from that expressed in the writings, such admission may be important in weighing the parol evidence offered to show that the conveyance, though absolute in form, was intended to operate as a mortgage. *Daniels v. Lowery*, 8 So. Rep. 352. Where the instrument is absolute in form, and the grantee insists that it declares the whole contract, before such an instrument can be declared a mortgage, the proof must be clear and convincing.—Authorities *supra*.

The testimony of the complainants themselves does not support the theory of the bill. They no where pretend to say that it was not the intention to execute a deed, or that they did not fully understand that they were executing a conveyance of the property in satisfaction of their own debt, and the individual debt of J. J. Stabler. The *gravamen* of their testimony is, that they were to be allowed two years in which to redeem the property. They acknowledge their indebtedness, and the right of foreclosure under power of sale in the mortgage; and it is not pretended the debt was extended two years, or to any other time. They insist that the mortgagee and the attorney who, it seems, by mutual agreement, represented both sides in the settlement, assured them that they would have two years

[Peagler v. Stabler.]

after the execution of the deed, within which to redeem the property. A stipulation in a mortgage conveying the equity of redemption, or waiving the debtor's statutory right of redemption, is voidable, and any release or sale by subsequent agreement will be closely scrutinized, but will be maintained if supported by a sufficient consideration, and if free from fraud, oppression, and undue advantage.—*McMillan v. Jewett*, 80 Ala. 479; *Stoutz v. Rouse*, 84 Ala. 309; 74 Ala. 288, *supra*.

The evidence in the case under consideration satisfactorily shows that there was neither fraud, oppression, or undue advantage; and the complaint, as it appears from the evidence, is not directed so much against the sale and conveyance of the property, as the refusal to permit the vendors to redeem within two years. There is no reason why a mortgagor and mortgagee may not contract with each other that a sale and conveyance of the mortgaged property to the mortgagee shall stand for a more formal foreclosure (*Stoutz v. Rouse*, 84 Ala. 312), and they may contract at the same time that the mortgagor may redeem or re-purchase the property within two years, or within any reasonable specified time; but such agreement for the right to re-purchase or redeem can not rest in parol, or be established by parol evidence.

We agree with the chancellor, that the evidence fails to show that the deed was intended to operate as a mortgage, "or that it expresses any other than the true intention of the parties at the time of its execution."

Having found from the evidence that the deed was never intended to operate as a mortgage, and that complainants had failed to make out their case as made by the bill, the chancellor declared it to be the duty of the court "to annul the deed, revive the mortgage, and decree a foreclosure of it, or to treat the deed as a mortgage," although he had ascertained from the evidence such was not the intention of the parties. The ground for decreeing the deed of conveyance to be a mortgage, given in the opinion of the chancellor, was, that "it would be oppressive for complainants to sell this property to secure the mortgage debt."

The bill does not ask for relief on the grounds of inadequacy of consideration; and the proof fails to show any oppression, or unfair advantage, or that the consideration was so inadequate as to "shock the conscience—so gross as to force the conviction that the transaction was not fair and *bona fide*." The evidence is widely different as to the value of the land, and perhaps there is no question upon which witnesses differ more than in the market value of property. Some of the wit-

[Beck v. West & Co.]

nesses place the value of the property much greater than that paid, and many others place it at about the price paid. The evidence on this point falls far below that which would justify the annullment of a deed on the grounds of inadequacy of price.— *Wood v. Craft*, 85 Ala. 262, and authorities cited.

The case must be reversed, and a decree will be here rendered dismissing complainants' bill.

Reversed and rendered.