# Goree *v.* Clements.

*Bill in Equity by Mortgagor, for Cancellation of Absolute Conveyance to Mortgagee, and for Redemption.*

1. *Sale or release of equity of redemption to mortgagee.*—A sale or release of the equity of redemption to the mortgagee, by subsequent contract, will be sustained in equity, if shown to be free from fraud, oppression, or undue advantage, and supported by a sufficient consideration; but the court will closely scrutinize the transaction, and where the circumstances are merely suspicious, casting a shadow over its fairness, but not rising to the dignity of proof, will set aside the release if the consideration paid is unreasonable—that is, such as would not be accepted by a person free to act according to his own volition and judgment; yet, if the release is conditional, reserving to the mortgagor the right to re-purchase within a specified time, the rule as to the adequacy of the consideration is not so strict as where it is absolute and unconditional.

2. *Same; laches in avoiding.*—If the mortgagor desires to avoid the sale and conveyance of his equity of redemption, he must act within a reasonable time; and the lapse of seven years in this case, unexplained, is held a bar to the relief prayed; though ten years is the bar to a bill to redeem from under an absolute conveyance declared a mortgage.

3. *Statute of frauds; contract relating to land.*—When a conveyance of land is absolute on its face, a contemporaneous oral agreement that it shall operate only as a conditional sale, giving the grantor the right to re-purchase, is void under the statute of frauds (Code, § 1732), and can not be established in equity.

4. *Variance.*—When the bill seeks relief against a conveyance absolute in its terms, executed by the mortgagor to the mortgagee, on the ground that there was a contemporaneous oral agreement between the parties reserving to the mortgagor the right to redeem or re-purchase the property on payment of the debt "within a reasonable and convenient time," while the proof shows that the agreement was "until he was able to pay it," the variance is fatal.

The bill in this case was filed on the 8th October, 1888, by N. D. Goree against N. N. Clements, and sought relief against an instrument of writing, in form an absolute conveyance of a tract of land, which the complainant had executed to the defendant, dated August 19th, 1881. The prayer for relief

[Goree v. Clements.]

was expressed in these words: (1) "that said deed of August 19th, 1881, be set aside and cancelled, as obtained without consideration, by unfair dealing, in bad faith, and under advantage taken by said Clements of his powers as mortgagee and the necessities of your orator as mortgagor, and the relation of mortgagor and mortgagee be decreed still to subsist between them;" (2) an account of the mortgage debt, rents, taxes, &c.; (3) a cancellation of the mortgage, on payment of the balance, if any, found due from complainant; and (4) general relief.

On final hearing, on pleadings and proof, the chancellor dismissed the bill, and his decree is here assigned as error.

HARGROVE & VAN DE GRAAFF, for appellant.

WOOD & WOOD, and W. C. FITTS, contra.

CLOPTON, J.—On May 5, 1880, appellant executed to John Bowen a mortgage on the land in controversy, to secure the payment of a note for five hundred dollars, payable eight months after date, with interest. The note not having been paid at maturity, Bowen advertised the land for sale under the mortgage. Appellant applied to appellee to assist him; and thereupon, by arrangement between the parties, appellant drew a bill of exchange, March 14, 1881, for five hundred and sixty dollars, payable at ninety days after date, which was indorsed by appellee, and discounted in bank. The money raised by the discount of the bill was applied to the payment of the note held by Bowen; and on the same day, appellant executed to appellee a mortgage on the land, to secure him as such indorser. It is true, the mortgage recites that it was executed for the purpose of securing an indebtedness from appellant to appellee, "as evidenced by his promissory note of even date herewith, in the sum of five hundred dollars, payable with interest from date;" but it is undisputed that no such note was given, and that the real object of the mortgage was to secure the liability of appellee by virtue of his indorsement of the bill of exchange. Appellant having failed to provide for the payment of the bill at maturity, appellee paid it, and thereafter advertised the land for sale under the mortgage, on the 3d day of September, 1881. After the land was advertised, appellant executed, August 19, 1881, to appellee a conveyance thereof, on the recited consideration of five hundred and sixty dollars.

Appellant, who files the bill, seeks to be let in to redeem, notwithstanding the deed. Counsel for the respective parties

differ as to the nature and purpose of the bill. Counsel for defendant insist, that its object is to have the conveyance, absolute in its terms, declared a conditional sale, and to enforce the right to re-purchase; and counsel for complainant contend, that the case made by the bill is an attack upon the fairness and validity of a sale and conveyance of the equity of redemption by a mortgagor to the mortgagee. After setting forth the facts above stated, the bill alleges, that when complainant met defendant, August 19, 1881, the latter stated, in explanation of his course, that it having become inconvenient for him to extend the debt, which the bill alleges he originally agreed to do, he had advertised the property in order to bring the complainant to town, not knowing how to get word to him otherwise; and that a new arrangement must be made. The bill further avers; "Your orator being still wholly without any ready money, or other available property than said land, and knowing of no one from whom he could obtain assistance, Clements [the defendant] finally proposed to him, that if orator would make him a deed to the property, he would allow orator a reasonable and convenient time to repay the debt to himself, and would allow orator to collect and hold the rents of the current year." It then avers, that complainant, being unversed in such business, and ignorant of the law, and trusting to the representations of defendant, who had long been his friend, and was an attorney at law, that the arrangement would be to his advantage as saving trouble and expense, accepted the proposal, and executed the deed to defendant without any new consideration. The bill further alleges, that defendant agreed, at the time of the arrangement, to raise the money to pay Bowen by discounting the bill of exchange, to attend to the extension of the debt, when it matured; also, that the land was worth not less than twelve hundred dollars. The special prayer is, that the deed be set aside and annulled, as having been obtained without consideration, by unfair dealing and undue advantage taken of the necessitous condition of the complainant, and that the relation of mortgagor and mortgagee be decreed to still subsist. As the allegations and special prayer apparently sustain the contention of appellant as to the structure and purpose of the bill, and as the error insisted on by counsel in argument consists in the denial of the special relief prayed, we will first consider the right of complainant to maintain the bill for the purpose of cancelling the conveyance, and thereby restoring the relation of mortgagor and mortgagee, with the right to redeem.

The well recognized rule, that a mortgagor may, by subsequent contract, make a valid sale or release of the equity of

[Goree v. Clements.]

redemption to the mortgagee; and that such sale or release will be maintained in equity, if shown to be free from fraud, oppression or undue advantage, and supported by a sufficient consideration, is not controverted. The contention is, that defendant's acquisition of the equity of redemption can not stand the test of the principles governing transactions between parties who deal on unequal terms—between power on the one side and weakness on the other—if the watchfulness with which courts of equity investigate such cases is observed, and the bill, answer and evidence are closely and searchingly scrutinized.

The principal facts averred in the bill as constituting unfair dealing, are the existence of the relation of mortgagor and mortgagee; an agreement on the part of defendant to attend to the extension of the debt when the bill of exchange matured; the necessitous condition of the mortgagor, and the inadequacy of the consideration. As to an agreement to attend to the extension of the debt in bank, or to allow complainant any time in which to re-purchase or redeem by payment of the debt, and as to the circumstances attending the execution of the conveyance, the testimony of complainant and defendant is in irreconcilable conflict. The necessitous condition of complainant is shown. As is usually the case, the witnesses widely differ as to the value of the property. If the value be determined by the testimony of the witnesses on the part of complainant, the consideration was grossly inadequate; if by the testimony of defendant's witnesses, it was not unreasonable.

The expression, sometimes used, that the release must be for an adequate consideration, is thus defined by Field, J., in *Peugh v. Davis*, 96 U. S. 332: "That is to say, it must be for a consideration which would be deemed reasonable if the transaction were between other parties dealing in similar property in its vicinity. Any marked undervaluation of the property in the price paid will vitiate the proceeding." It may be conceded, that though there is the absence of actual fraud and undue advantage, gross inadequacy of consideration—"marked undervaluation of the property"—will, of itself, avoid an absolute and unconditional release. Also, if the circumstances are merely suspicious, casting a shadow over the fairness of the acquisition of the equity of redemption, but not rising to the dignity of proof, a consideration so unreasonable that a party, not unduly influenced, free to act according to his own volition and judgment, would not surrender the property for the price paid, may suffice to vitiate the release.

[Goree v. Clements.]

The averments of the bill make the case of a conveyance of the land to defendant upon condition that complainant should be allowed a reasonable and convenient time to pay the debt—a deed absolute in form, but intended to operate as a security, or conditional sale. When the sale or release is conditional, the rules as to the inadequacy of consideration sufficient to vitiate it, do not apply with the same strictness, or to the same extent, as when absolute. In such case, the comparative *quantum* of the consideration paid, and the value of the property, become significant and important, because connected with the previously existing relation of mortgagor and mortgagee; but, to be effectual of itself, the inadequacy must be so great as to induce the belief that the power of the mortgagee, growing out of the relation of the parties, has been oppressively exercised, or undue influence exerted, or unconscionable advantage taken.—*Peagler v. Stabler*, 91 Ala. 308. In *Stoutz v. Rouse*, 84 Ala. 309, it was held, that a conveyance of the property to the mortgagee in payment of the mortgage debt, with the right to redeem within two years from the date of the deed, in like manner and upon the same terms and conditions as if the property had been sold under a decree of the Chancery Court, was a sale with the privilege of re-purchase within two years, having the effect to reduce the equity of redemption to a statutory right of redemption; and that mere inadequacy of consideration will not justify the setting aside of such transaction. In the conclusion of the opinion it is said: "The transaction clearly extinguished the mortgage debt, which amounted to nearly six thousand dollars. Admitting the mortgaged lands to be worth nominally as much as ten thousand dollars, as averred in the bill, the complainant shows, in our opinion, no ground for relief."

Complainant knew, at the time of the transaction, that if the land was sold under the mortgage, he had the statutory right to redeem within two years. The transaction occurred about two weeks before the day of sale. Being surprised at seeing his land advertised for sale under the mortgage, as averred in the bill, he sought defendant, who, after stating his reasons for advertising the property, said that a new arrangement must be made. The result of the interview was, in view of the fact that complainant had no money or other available property, defendant finally proposed, if complainant would make a deed to the property, he would allow him a reasonable and convenient time to repay the debt, and allow him to collect and retain the rents of the current year; which proposition was accepted, and the deed executed, no consideration other than the mortgage debt being paid. This is the sub-

stance of the transaction, as averred in the bill.   There are averments of long and intimate friendship between the parties, and of an agreement on the part of defendant to attend to the extension of the debt when the bill of exchange matured, which he denies both in his answer and evidence. Admitting that there was such agreement, it is neither averred nor shown that complainant made any efforts to provide for the payment of the debt, or went to see about making arrangements for its extension.   In the usual course of business, a new note or bill would be required to extend the debt in bank; and complainant could have scarcely expected defendant to give such note or bill without himself becoming primarily liable.   Neither is it averred that defendant made any false representations as to the legal effect and operation of the deed.   The only inducement held out by defendant, so far as the bill alleges, was that the transaction would save the trouble and expense of a foreclosure of the mortgage under the power of sale.

The conclusion of fraud, oppression, or unjust advantage is not deducible from any or all of these facts, standing alone; neither is any shown by the evidence.   As appears from the bill and the evidence, complainant made the transaction with full knowledge of all the facts and his rights.   There was no concealment, or suppression, or misrepresentation.   If admitted that the land was worth twelve hundred dollars, as averred in the bill, the inadequacy of the consideration is not, in view of the nature and character of the transaction as shown by the bill, so gross as to produce the conviction of unfair dealing, whatever might have been the conclusion had the bill averred that this conveyance was an absolute and unconditional sale of the equity of redemption.   It is also significant and suggestive, that in none of the subsequent interviews did complainant offer to rescind the contract on the ground that the equity of redemption was acquired fraudulently, oppressively, or by undue advantage, or make such charge.   On the contrary, in his offer to settle the debt and redeem the property, he acted on the assumption that the transaction was valid and binding on both parties.   The *gravamen* of the complaint of fraud consists in the subsequent repudiation of the agreement, and the refusal to allow complainant to redeem.   By the transaction, defendant substantially extended and carried the mortgage debt; it was not increased in amount so as to render it more burdensome.   If the transaction is a conditional sale of the equity of redemption, it comes directly within the principle declared in *Stoutz v. Rouse, supra;* and if a mortgage, the existing relation between the parties re-

[Goree v. Clements ]

mained the same, and the equity of redemption was unimpaired and unembarrassed. The legal effect of the transaction is the substitution of a conveyance absolute in form, with a condition of the right to re-purchase or redeem within a reasonable and convenient time, for a mortgage regular in form, but mis-describing the debt. It is no reply, that defendant denies in his answer and evidence that there was any agreement to allow the right to repurchase or redeem within any time whatever. Complainant, if he recovers at all, must recover on the case made by his bill. So long as unamended, he is bound by its allegations. He can not recover on a case inconsistent therewith, though admitted in the answer, or established by the proof.

Independent of this conclusion, we think the long acquiescence of complainant, and the delay in filing the bill, is fatal to the right of relief. The general rule is, that a party seeking to rescind a contract on the ground of fraud, must act with reasonable promptness and diligence in the assertion of his remedial rights; long acquiescence, unnecessary and unexplained delay for an unreasonable time after the discovery of the fraud, will bar the equitable relief. Especially is this rule applicable, when the relative value of money and the property has changed in favor of the complaining party. What is reasonable promptness depends upon the character and facts of the particular case. In *Cox v. Montgomery,* 36 Ill. 396, it was held, that delay in filing a bill to avoid a contract for the sale of land because of fraudulent representations, for eighteen months after the discovery of the fraud, would be an unreasonable time. The conclusion is rested on the impolicy, in a country where the value of land changes as rapidly as in Illinois, of permitting the purchaser to retain possession for that length of time after the discovery of the fraud, before filing his bill to rescind; and may be a too stringent application of the general rule, where the values do not change so rapidly. In *Sheffield Land I. & C. Co. v. Neill,* 87 Ala. 758, it was held, that the vendor's right to rescission of a contract for the sale of land is barred by *laches* after the lapse of more than two and a half years, when it appears that the vendor retained the notes and mortgage, and the market value of the land recently increased, notwithstanding there was an offer to rescind before the increase in value.

Defendant had the right to sell the land under the power of sale contained in the mortgage. Had he done so, and purchased, the sale would have been voidable at the option of complainant seasonably expressed. As inferable from the allegations of the bill, complainant, for the purpose of pre-

[Goree v. Clements]

venting a sale under the mortgage, executed to defendant a conveyance on a parol agreement that he could avoid it by paying the debt within a reasonable time. In respect to what constitutes a reasonable time, when the mortgagee becomes the purchaser at his own sale, there being no varying peculiar circumstances, it was said in *Ezzell v. Watson*, 83 Ala. 120: "But, in view of the importance of fixing some definite time, in ordinary cases, in order to impart more certainty to the law, and afford greater repose to titles, our later decisions have inclined to settle *two years* as reasonable, by way of analogy to the time fixed by statute for the redemption of realty sold under mortgages, and purchased by other persons than the mortgagee." This may now be regarded as the established rule in this State.—*Alexander v. Hill*, 88 Ala. 487. The transaction between the parties is assimilable, in its nature and effect, to a purchase by a mortgagee at his own sale, the mortgagor receiving by contract the same option to defeat the conveyance which the law would have given him to disaffirm the sale, had it been made under the mortgage and the mortgagee become the purchaser. Where the mortgagor seeks to set aside such conveyance on the ground of fraud, and remove it as an impediment to his right to redeem, it seems that the same rule of limitation should by analogy be applicable, and that two years after the discovery of the fraud would constitute a reasonable time. But we need not apply the rule so strictly in the present case. The bill was filed October 8, 1888, more than seven years after the execution of the conveyance, and more than six years after complainant was informed that defendant repudiated the agreement and refused to allow him to redeem. In the meantime the property had increased considerably in value, and defendant had made some improvements. Under these circumstances, the long acquiescence of complainant, the unexplained delay in the assertion of his rights, bars the special relief prayed—the restoration of the relation of mortgagor and mortgagee, with the right to redeem from the mortgage of March 14, 1881, by way of cancellation of the deed. The only explanation for the delay stated in the bill is, that complainant applied to attorneys to prosecute his rights, and because of his poverty was unable to employ one. There is no evidence that he made any effort to employ an attorney, and we can not presume that no member of a profession distinguished for high sense of right and justice, and noted for lending aid to the helpless, could be found, who would observe the duty enjoined by statute—"never to reject, for any consideration personal to themselves, the cause of the defenseless or oppressed." If

[Goree v. Clements.]

the bill is regarded as a bill to have the conveyance of August 19, 1881, though absolute on its face, declared a mortgage and to redeem therefrom, a different rule of limitation would govern. In such case, the right to redeem is not barred until the expiration of ten years.—*Parmer v. Parmer*, 88 Ala. 545.

So far, we have considered the right to the special relief on appellant's theory, that the purpose of the bill is to set aside a sale or release of the equity of redemption, as having been fraudulently, oppressively, or inequitably acquired. It remains to consider complainant's right to relief on defendant's theory of the character and purpose of the bill. The majority of the court are of the opinion, that the evidence of complainant, who is the only witness testifying to the terms of the agreement, if accepted as true, shows a conditional sale. *Peebles v. Stolla*, 57 Ala. 53; *Adams v. Pilcher*, 8 So. Rep. 757. If the transaction be so regarded, complainant must fail, on the ground that the agreement to allow the right to repurchase, not being in writing, is void under the statute of frauds.—*Peagler v. Stabler, supra.* Applying the well recognized principle, that when it is doubtful whether the parties intended a conditional sale or a mortgage, courts of equity are inclined to consider the transaction as a mortgage, the averments of the bill and the proof on the part of complainant, if believed, make, in my opinion, a case where the intention was that the deed should stand as a security for the debt; and if such be the construction, complainant must fail, because of a material variance between the descriptive terms of the defeasance as alleged and as proved—the averments of the bill being that defendant would allow complainant "*a reasonable and convenient time*" to pay the debt, and his testimony being, "*until he was able*" to pay it—and if, as the majority of the court hold, the transaction shown by the evidence is a conditional sale, the variance would be equally fatal. In either view of the case, the result is the same.

Affirmed.