# Shaw v. Lacy.

### Bill to Declare a Deed a Mortgage and to Redeem.

(Decided April 5, 1917.  74 South. 933.)

1. Mortgages; Rights of Mortgagee; Purchase of Equity.—While the mortgagee has the right to purchase the mortgagor's equity of redemption, equity looks with suspicion on such transactions, and they will be sustained only when supported by sufficient consideration, and when there is no fraud, oppression, or undue advantage.

2. Mortgages; Purchase of Equity by Mortgagee; Burden of Proof; Good Faith.—In a suit to have an absolute deed conveying the equity of redemption to the mortgagee declared a mortgage, the burden of proof is on the mortgagee to show that his purchase of the equity was free from fraud, oppression, or undue influence; the rules governing the impeachment of original transactions, absolute in form, by parol proof that they were intended to be mortgages not applying in such a case.

3. Landlord and Tenant; Estoppel of Tenant; Fraudulent Title of Landlord.—Where the mortgagee fraudulently purchased the equity of redemption, and returned the property to the mortgagor, the latter is not prevented by his tenancy from attacking his landlord's title, since the tenancy itself is a fruit of the fraud.

APPEAL from Lamar Chancery Court.

Heard before Hon. JAMES E. HORTON, JR.

Bill by B. R. Shaw against W. B. Lacy to have a deed absolute in form declared a mortgage and to redeem therefrom. Decree for respondent, and complainant appeals. Reversed, rendered, and remanded.

The bill alleges an indebtedness due from Shaw to Lacy, and the execution by Shaw to Lacy of a mortgage upon certain lands therein described of date December 2, 1911, for the consideration of $1,000.  That on November 26, 1912, Lacy came to Shaw, where he resided on the described real estate, and stated to him that he desired him to give him a deed to the real estate described, so that he could use the deed as collateral to borrow money on, and that he would let orator have more money, and that it would be just considered as security for the debt, and that when orator paid off the debt he would deed the land back to orator, and the deed was executel under circumstances as above stated, with the knowledge of both, and of the justice of the peace who prepared the deed, that it was

intended as such. The deed was acknowledged and recorded. The answer denies the allegations of the bill, and sets up that the deed was executed in satisfaction of the debt, and that at the time of its execution complainant delivered the possession of real estate to the respondent, and that the respondent thereupon rented the premises for the years 1913 and 1914; that all payments made were made as payments for rent and advances, and on this respondent based an estoppel against complainant.

KELLEY & YOUNG and W. A. GUNTER for appellant. MILNER & THOMPSON and WALTER NESMITH for appellee.

SOMERVILLE, J.—(1) The right of the mortgagee to acquire by purchase the mortgagor's equity of redemption in the mortgaged property is everywhere recognized by the courts. But equity looks with a jealous and distrustful eye upon such transactions.—*Hitchcock v. U. S. Bank*, 7 Ala. 386, 443; *Locke v. Palmer*, 26 Ala. 312, 324; *Parmer v. Parmer*, 74 Ala. 285, 288; *Stoutz v. Rouse*, 84 Ala. 309, 311, 4 South. 170; *Peagler v. Stabler*, 91 Ala. 3?8, 311, 9 South. 157; *Pearsall v. Hyde*, 189 Ala. 86, 66 South. 665. And they will be sustained only when "supported by a sufficient consideration, and there is an absence of fraud, oppression, and undue advantage."—*McMillan v. Jewett*, 85 Ala. 476, 5 South. 145; *Peagler v. Stabler, supra; Stoutz v. Rouse, supra; Goree v. Clements*, 94 Ala. 337, 10 South. 906; *Thornton v. Pinckard*, 157 Ala. 206, 47 South. 289; *Pearsall v. Hyde, supra; Cassem v. Heustis*, 201 Ill. 2?8, 66 N. E. 283, 94 Am. St. Rep. 110, 111, note. In *Pearsall v. Hyde, supra*, the authorities are collected and reviewed by GARDNER, J., and it is declared that in such transactions equity "will not permit a mortgagee to use his position of superiority to oppress the debtor, or drive an unconscionable bargain, or take any undue advantage." See, also, *Compton v. Collins*, 190 Ala. 499, 67 South. 395. In *Villa v. Rodriguez*, 12 Wall. 323, 339, 20 L. Ed. 406, Mr. Justice SWAYNE, for the court, states the law in language that is worthy of repetition: "The law upon the subject of the right to redeem where the mortgagor has conveyed to the mortgagee the equity of redemption is well settled. It is characterized by a jealous and salutary policy. Principles almost as stern are applied as those which govern where a sale by a cestui que trust to his trustee is drawn in question. To give validity to such a

sale by a mortgagor it must be shown that the conduct of the mortgagee was, in all things, fair and frank, and that he paid for the property what it was worth. He must hold out no delusive hopes; he must exercise no undue influence; he must take no advantage of the fears or poverty of the other party. Any indirection or obliquity of conduct is fatal to his title. Every doubt will be resolved against him. Where confidential relations and the means of oppression exist, the scrutiny is severer than in cases of a different character. The form of the instruments employed is immaterial. That the mortgagor knowingly surrendered and never intended to reclaim is of no consequence. If there is vice in the transaction the law, while it will secure to the mortgagee his debt, with interest, will compel him to give back that which he has taken with unclean hands. Public policy, sound morals, and the protection due to those whose property is thus involved, require that such should be the law."

(2) In these cases the burden of proof is on the mortgagee to show that the transaction was fair and honest—free from the infection of fraud, oppression, or any form of undue influence.— *Locke v. Palmer*, 26 Ala. 312, 324; *Villa v. Rodriguez*, 12 Wall. 339, 20 L. Ed. 406; *Holridge v. Gillespie*, 2 Johns. Ch. (N. Y.) 34; 9 Am. & Eng. Dec. in Equity, note, 686; 27 Cyc. 1373, 1374. In *Locke v. Palmer, supra,* it is declared that the release must "be established by the clearest and most convincing proof." This rule as to the burden of proof results logically and necessarily from the attitude of "jealous suspicion" adopted by courts of equity.

We have examined all the evidence in this case with critical care, and, in view of the principles stated, we are constrained to the conclusion that the respondent has not met the burden of proof in vindication of his purchase of complainant's equity of redemption in the mortgaged property, and that complainant is entitled to the relief prayed. The contrary conclusion of the chancellor is evidently founded on a misapplication to this case of the rules of law that govern the impeachment of original transactions which are absolute in form, by parol proof that they were intended to be mortgages only. But that is a different case, and is ruled by different principles.

(3) The rule that a "landlord can only be required to litigate title with his tenant, upon the vantage ground of possession" (*Barlow v. Dahm*, 97 Ala. 414, 416, 12 South. 293, 294 [38 Am.

[Louisville & Nashville R. R. Co. v. Williams, as Adm.]

St. Rep. 192]), is manifestly inapplicable to a proceeding like this, where the landlord has by actual or constructive fraud acquired the mortgagor's title and thereafter reduced him to the position of a tenant, and redemption is sought as against the fraudulent purchase. In such a case the tenancy itself is a fruit of the fraud, and cannot survive its annihilation.

The decree of the chancery court will be reversed, and a decree will be here rendered setting aside the release executed by complainant to respondent on November 26, 1912, and granting to complainant the right of redemption from the mortgage exhibited by the bill of complaint. The cause will be remanded for a reference to ascertain the amount of the mortgage indebtedness, and for further appropriate action by the trial court in the premises for the effectuation of the relied here ordained.

Reversed, rendered, and remanded.

ANDERSON, C. J., and MAYFIELD and THOMAS, JJ., concur.