(82 South. 476)

### WEBB v. GLOBE SECURITIES CO.
(6 Div. 791.)

(Supreme Court of Alabama.   May 15, 1919.
On Rehearing, June 30, 1919.)

1. HUSBAND AND WIFE ⊙⟶171(6)—MORTGAGE BY WIFE.

If title to property was placed in complainant wife for the purpose of fraudulently withholding it from the husband's creditors, the wife's title would furnish no basis for relief by way of cancellation of subsequent mortgages on the ground that the wife was a mere surety for her husband's indebtedness.

2. EQUITY ⊙⟶196—PLEADING—CROSS-BILL—NECESSITY.

In suit to cancel a mortgage on land, title to which was in complainant wife, on the ground that wife was merely a surety on her husband's debt, respondent could have no affirmative relief upon its answer without making it a cross-bill, but defense that conveyance by husband to complainant was in fraud of creditors of husband was available as purely defensive matter on answer alone.

3. HOMESTEAD ⊙⟶111 — SEPARATE PROPERTY OF WIFE.

Where wife is owner of property, the statutory requirements for homestead conveyances by married men have no application.

4. MORTGAGES ⊙⟶296 — EQUITY OF REDEMPTION—RELEASE.

Where at time complainant wife executed deed with her husband the relationship of mortgagor and mortgagee existed between her and grantee, the deed was a mere release of her equity of redemption.

5. MORTGAGES ⊙⟶296 — RELEASE — SETTING ASIDE—BURDEN OF PROOF.

When the mortgagor attacks and seeks to set aside her release of equity of redemption, "the burden of proof is on the mortgagee to

show that the transaction was fair and honest and free from the infection of fraud, oppression, or any form of undue influence."

### On Rehearing.

6. FRAUDULENT CONVEYANCES ☞69(2)—CONVEYANCE TO WIFE—INTENTION.

Husband's intention, subsequent to conveyance to his wife, with respect to creditors at a later period would have no effect upon validity of conveyance.

7. HUSBAND AND WIFE ☞171(1)—HUSBAND'S DEBTS—MORTGAGE BY WIFE.

A mortgage on realty of wife as mere security for husband's debts is invalid.

Appeal from Circuit Court, Blount County; O. A. Steele, Judge.

Bill by Mrs. S. H. Webb against the Globe Securities Company to set aside and cancel a mortgage. Decree for respondent, and complainant appeals. Reversed, rendered, and remanded.

The bill is filed to set aside and cancel a mortgage for $12,050 executed by complainant and her husband on October 16, 1912, to Emma J. Enseln, and also a mortgage for $2,800 executed on December 16, 1917, by and between the same parties; also the cancellation of a deed executed by the mortgagors on July 27, 1917, to the Globe Securities Company, who was the assignee of the said $2,800 mortgage. The bill charges that the original mortgage was made by the husband, M. S. Webb, and the money used to pay his debts and that complainant was the mere surety for her said husband's indebtedness therein; that the latter mortgage was given to satisfy the former and to secure additional loans for M. S. Webb, and that complainant had no interest therein nor benefit therefrom, and was again a mere surety for her husband's debt; and that the deed to respondent was made solely for the purpose of satisfying said mortgage without any additional consideration whatever to complainant or her husband. It is charged that said deed was obtained from complainant by duress exercised upon complainant by the president of the respondent, one E. F. Enslen, by threatening to foreclose said mortgage and buy in the property for less than the mortgage debt and to sue complainant and her husband for the balance of the debt. It is charged also that the execution of the mortgage for $2,800 was not in fact executed before an officer nor witnessed, and is therefore void. The trial court denied the relief prayed for, and dismissed the bill.

T. J. Judge and C. A. Avant, both of Birmingham, for appellant.

M. L. Ward, of Birmingham, for appellee.

SOMERVILLE, J. The evidence in this cause reasonably satisfies us that the debts secured by the mortgages in question were in fact the debts of complainant's husband. Not only is this not controverted in the evidence submitted, but respondent's president, who conducted all of the transactions in question, testified that he represented the mortgagee in the $2,800 mortgage transaction, and "made a loan to Mr. Webb for $2,800 and took a mortgage on his farm, and gave him a check for the proceeds."

If this were all, complainant would be entitled to the relief prayed for as to both of the mortgages.

[1] But the amended answer charges that the mortgaged property was bought by complainant's husband with his own money, and that the title was placed in complainant only for the purpose of fraudulently withholding it from his creditors, the property remaining for all purposes the husband's.

The testimony of complainant and her husband clearly establishes this charge, and shows in fact a constructive trust in favor of creditors, whether existing or subsequent. Seals v. Robinson, 75 Ala. 363.

[2] Such a title in complainant can furnish no basis for relief by way of cancellation of the mortgages on the ground alleged, and that relief must be denied. Of course respondent could not have affirmative relief upon its answer without making it a cross-bill. But for purely defensive purposes, the fraud set up is available on answer alone. Trippe v. Trippe, 29 Ala. 637, 648–650.

[3] It was of no consequence, so far as this case is concerned, whether the latter mortgage was or was not so executed by complainant as to convey the legal title to the property. She being the owner, the statutory requirements for homestead conveyances by married men have no application. Dawson v. Burrus, 73 Ala. 111.

We apprehend that the trial judge denied relief on the theory that a wife may convey her property to her husband's creditor in payment of his debts, and that the deed of July, 1917, was effectual for that purpose, although complainant received no personal benefit therefrom. Elkins v. Bank, 180 Ala. 18, 6 South. 96.

[4] Such an application of that theory to this case would be sound enough but for the fact that, when complainant executed this deed with her husband for that purpose, the relationship of mortgagor and mortgagee already existed between her and her grantee, this respondent, and the deed was therefore a mere release of her equity of redemption.

[5] In such a case, when the mortgagor attacks and seeks to set aside the release in equity, "the burden of proof is on the mortgagee to show that the transaction was fair and honest—free from the infection of fraud, oppression, or any form of undue influence." Shaw v. Lacy, 74 South. 933.[1] Here the burden was upon respondent, and not complainant, to show that no duress of any sort was

[1] 199 Ala. 450.

practiced upon complainant, and also that the consideration paid for the release was fair and adequate.

Respondent made no attempt to meet this burden of proof, and, indeed, the testimony offered for complainant supports the charge of duress, and shows an inadequate consideration.

Let the decree of the chancery court be reversed, and a decree here rendered setting aside and canceling the deed executed by complainant and her husband to respondent on July 27, 1917, as shown by Exhibit D to E. F. Enslen's testimony, and authorizing redemption from the mortgage executed by them to Emma J. Enslen on, to wit, December 16, 1913, and by her transferred to respondent.

The cause will be remanded for further proceedings to this end.

Reversed, rendered, and remanded.

McCLELLAN, MAYFIELD, and SAYRE, JJ., concur.

### On Rehearing.

SOMERVILLE, J. On the original hearing we interpreted the testimony of M. F. Webb as showing that he was indebted to various creditors at the time he caused the property in question to be conveyed to his wife, the complainant, as a gift from himself to her; and thereupon we held that she took it in fraud of subsequent creditors as well.

[6] We are now satisfied from a further analysis of his testimony that his admissions did not refer to the period of his said gift, but only to the period of a transaction which occurred many years afterwards, and that his intentions with respect to creditors at the later period can have no effect upon the validity of the original gift, which we think stands unassailed and unimpeached by any testimony or circumstances shown by the record.

[7] The result is that, as to the mortgage referred to, it must be held invalid as being a mere security for the husband's debts, and complainant is entitled to have it canceled as prayed.

There is no merit in appellee's contention that the bill of complaint does not present any issue as to the adequacy of the consideration for the deed of July 27, 1917. The bill shows the relation of the parties, and attacks the deed as procured by the oppressive conduct of the mortgagee. This casts upon the respondent the burden of alleging and proving the fairness of the transaction, including the sufficiency of the consideration, as pointed out in the original opinion.

The rehearing will be granted, the opinion will be modified as above, and full relief granted, as prayed, both as to the mortgage and the deed.

As to the mortgage of June 11, 1915, for $600, complainant is entitled to no relief except redemption, and the cause will be remanded for a reference to ascertain the amount due, and for further orders and decrees as may be appropriate.

It is urged for the appellee that the doctrine of Shaw v. Lacy, 74 South. 933,[2] cannot be applicable here, because, if the mortgage for $2,800 was void as a security for the husband's debt, the relation of mortgagor and mortgagee did not in fact exist between Mrs. Webb and the respondent at the time her deed was executed. This contention ignores the fact that there was another mortgage for $600, which we hold was valid and binding on Mrs. Webb, and which fixes the relation between them.

Respondent's application for rehearing is without merit, and will be overruled.

Reversed, rendered, and remanded.