(96 South. 245)

## EBERSOLE et al. v. ALABAMA HOME BUILDING & LOAN ASS'N.
### (6 Div. 762.)

(Supreme Court of Alabama.   April 5, 1923.
Rehearing Denied May 10, 1923.)

1. Mortgages ☞296—Mortgagee may legally purchase equity of redemption or procure release of right of redemption.

The maxim, "Once a mortgage, always a mortgage," was never intended and has never been construed to prevent a mortgagee, by contract subsequent to the execution of the mortgage, from purchasing from the mortgagor the equity of redemption or obtaining a release of the statutory right of redemption, if fairly made and for an adequate consideration.

2. Mortgages ☞297—Evidence held to warrant decree denying cancellation of deed for fraud and undue advantage.

Evidence held to warrant a decree dismissing a bill for the cancellation of deeds conveying complainant's equity of redemption in mortgaged property on the ground of fraud and undue influence, such evidence clearly showing that the deeds were executed to save publicity and unnecessary expense and that they protected the mortgagor by stipulation permitting repurchase within a period of two years.

Appeal from Circuit Court, Jefferson County; Hugh A. Locke, Judge.

Bill of C. D. Ebersole and Jennie N. Ebersole against the Alabama Home Building & Loan Association for cancellation of deeds, etc. From a decree for respondent, complainants appeal. Affirmed.

Arthur L. Brown, of Birmingham, for appellants.

"Once a mortgage, always a mortgage," applies in this case.   Gerson v. Davis, 143 Ala. 381, 39 South. 198; Stoutz v. Rouse, 84 Ala. 309, 4 South. 170; Pearsall v. Hyde, 189 Ala. 86, 66 South. 665.

Percy, Benners & Burr, of Birmingham, for appellee.

A mortgagor may give and a mortgagee may take a deed in lieu of foreclosure, where the same rights are preserved to the mortgagor that he would have if foreclosure were resorted to.   Stoutz v. Rouse, 84 Ala. 309, 66 South. 665; Peagler v. Stabler, 91 Ala. 308,

9 South. 157; Goree v. Clements, 94 Ala. 337, 10 South. 906.

GARDNER, J.   Appellant had for a number of years been engaged in improving real estate and reselling the same, financing the transactions with the appellee loan association.

In 1916 the appellee held several mortgages on various real estate properties owned by appellants, which mortgages were past due, and in July, 1916, deeds were executed by appellants to appellee in lieu of foreclosure proceedings, and the effect of these deeds is here sought to be avoided by the bill filed in this cause upon the theory that the mortgagee had by fraudulent misrepresentation and by taking undue advantage acquired these conveyances of the mortgagors' equity of redemption; and complainants have sought to bring their case within the influence of this principle as recognized by the following among other authorities in this state: Pearsall v. Hyde, 189 Ala. 86, 66 South. 665; Stoutz v. Rouse, 84 Ala. 309, 4 South. 170; Peagler v. Stabler, 91 Ala. 308, 9 South. 157:

Upon submission of the cause upon pleadings and proof for final decree the chancellor reached the conclusion that the complainants had failed in the establishment of their case and the bill was dismissed. From this decree the complainants have prosecuted this appeal.

The evidence in this record has been most carefully examined, and there is no occasion for a detailed discussion of the facts. We will therefore briefly state the conclusions which we have reached.

At the time of the execution of these deeds the various mortgages were past due for a period of from 8 to 36 months, and complainants were unable to pay; they were in business and owed other debts and preferred there be no foreclosure proceeding on account of the publicity as well as additional cost. It very clearly appears that these deeds were therefore executed to save this publicity and unnecessary expense, and the mortgagors were fully protected by a stipulation in the deed that they might repurchase within a period of 2 years by paying the amount stipulated therein, which represented in fact the indebtedness with accrued interest. At this time the real estate market was greatly depressed, and we are of the opinion there was not only no marked undervaluation, but that in fact the consideration of these deeds represented the fair market value of the property at that time. Within 2 or 3 months after the execution of these deeds the complainants did in fact exercise their right to repurchase, and three pieces of property were resold to them with a 4-year period within which to pay.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

C. D. Ebersole was a man of education, of many years' business experience, and was thoroughly familiar with the laws of Alabama in reference to the rights of mortgagors after foreclosure proceedings. He read the deeds and fully understood them, and we are persuaded that the mortgagors in executing these conveyances understood exactly what they were doing; that no undue advantage was taken of them and no fraudulent representations made, but that the deeds as written fully and completely expressed the agreement and intention of the parties.

[1] Counsel for appellant make reference in brief to the maxim, "Once a mortgage always a mortgage," but, as said by this court in Peagler v. Stabler, supra:

This maxim "was never intended, and has never been construed by our courts, to prevent a mortgagee, by contract subsequent to the execution of the mortgage, from purchasing from the mortgagor the equity of redemption, or obtaining a release of the statutory right of redemption, if fairly made, and for an adequate consideration."

[2] A careful review of this record has persuaded us complainants have entirely failed to bring their case within the influence of the principle noted in the authorities above cited, and that the chancellor correctly ruled in dismissing the bill.

Having reached this conclusion, a consideration of the ruling as to the sufficiency of the plea needs no treatment here.

It results the decree dismissing the bill will be here affirmed,

Affirmed.

ANDERSON, C. J., and SAYRE, and MILLER, JJ., concur.