This is an appeal by defendants Cedarwood Associates, L.T.D., and Larry C. Herring, as general partner for Cedarwood, from a Jefferson County Circuit Court's ruling for plaintiffs in an action for specific performance of a contract for the sale of land. The trial judge determined that the defendants (hereinafter Cedarwood) had breached their contract with Plaintiffs and ordered Cedarwood to execute a warranty deed of the property involved to the plaintiffs, with defendants' waiver of their right of redemption. We affirm.
The first parcel of property involved consists of some thirty-one acres in Jefferson County sold January 3, 1974, by plaintiffs Marguerite Shannon and Sara Trammell to Cedarwood who executed a series of five promissory notes in favor of the sellers Shannon and Trammell as partial payment for this parcel. To secure prompt payment, defendants executed a purchase money mortgage in the amount of $212,500.00 in favor of the sellers. The second parcel involved is a fifteen-acre tract conveyed on January 3, 1974, by plaintiffs Virgil Trammell, Jr., and John D. Trammell to defendants in exchange for five promissory notes, payable on a scaled schedule, and a purchase money mortgage for $89,250.00.
For the first three years, only interest payments became due, and these were paid by Cedarwood. When the date arrived for the payment of two of the ten principal promissory notes, January 7, 1978, and the payments were not made, plaintiffs wrote to defendants stating that foreclosure would be commenced on February 11, 1978, if no agreement could be reached. An agreement was reached and committed to writing on March 1, 1978. The agreement declared the mortgages and two notes to be in default and provided for delaying the payment of each of the ten notes for twelve months; however, the defendants were to meet specific conditions. In essence, these conditions stipulated that defendants make certain payments on the two notes on May 15, 1978, to plaintiffs and in the event defendants failed to do so, defendants would execute a warranty deed conveying all their rights, title and interest in the two parcels to Virgil Trammell, Jr., and waive their right of redemption. This agreement was modified in a writing which extended the date of payment to August 15, 1978. The plaintiffs claim that Cedarwood violated the agreement by the failure to make payments it was obligated to make under the notes and the agreement and by the failure to reconvey the property to Trammell. Cedarwood alleged there were subsequent verbal agreements by which Virgil Trammell agreed to waive the balance due on the Sara Trammell/Marguerite Shannon mortgage. Under these agreements allegedly made in May 1978 and February 1979 with defendant Herring, there was no default. The agreements, according to defendant Herring, stated that Trammell would accept the interest payment on his own mortgage and partial payment on the Trammell/Shannon mortgage as payment in full for the years in question.
The plaintiffs filed suit on December 13, 1979, alleging breach of contract. Defendants counterclaimed alleging the existence of a verbal agreement and modifications. Foreclosure was initiated and consummated on April 14, 1980. *Page 52 
The trial court held an ore tenus hearing on October 6, 1980. After hearing the witnesses and upon consideration of the pleadings and evidence, the trial judge entered a final judgment on October 14, 1980, finding Cedarwood in breach of the written contracts and agreement, plaintiffs' entitlement to a fee simple title in the parcels of land, and denying defendants' counterclaim. A motion to alter, amend or vacate the judgment was denied by the trial court and defendants filed this appeal.
The issues presented are:
(1) At the time of foreclosure, had plaintiffs waived their right to foreclose by accepting partial payment on the matured notes;
(2) After the execution of his mortgage, may a mortgagor agree to waive or release his right of redemption; and if so,
(3) Did the parties enter into an agreement to allow a lesser payment in exchange for defendants' right of redemption if later payments were not met?
(1) Defendants/appellants contend that forfeitures under a mortgage may be waived by continued recognition and receipt of partial payments, and that even without the testimony in the record concerning subsequent oral agreements modifying the payment terms, the course of conduct carried on by Virgil Trammell sufficiently constituted a waiver. Plaintiffs/appellees dispute any waiver and contend that in order for a contract to be validly modified, there must be mutual assent to the new terms by both parties and that there was not a mutually bargained for verbal modification.
The evidence appellants presented at trial in support of their contention consists mainly of testimony of the general partner in Cedarwood, Larry Herring, who stated that Virgil Trammell, acting as the agent for Marguerite Shannon and Sara Trammell, agreed to waive the balance due on the Shannon/Trammell mortgage in 1978 and 1979 if full interest payment was made on the Shannon/Trammell mortgage for the respective years. In addition, appellants contend that Virgil Trammell understood that if any part of the principal was to be paid it would require a sale of all or part of the property by Cedarwood, thus explaining the waiver of payments.
Appellees, on the other hand, presented testimony of appellant Herring that tended to show Cedarwood breached the written agreement and was therefore in default. Herring did testify that the notes of 1978 and 1979 were never paid in full, and appellees consistently denied that there were ever any verbal modifications agreed on or a waiver by all parties. Appellees argue that in dealings such as these, when obligations are not paid by the due date as set forth in a written agreement, foreclosure is the proper remedy.
(2) Appellants contend that, without their receiving something more, the satisfaction of the debt in exchange for their conveyance of the right of redemption makes the exchange an agreement without consideration, and therefore void. The trial court's order requiring reconveyance of the land simultaneously with a conveyance of the mortgagor's right of redemption, according to appellants, should be reversed.
Appellees argue that unless appellants can prove some type of fraud in the inducement for the March 1, 1978, agreement concerning the right of redemption, it is enforceable. Although a waiver of the right of redemption should be considered carefully by the courts, such a waiver is not invalid per se if it is based upon a bona fide agreement entered into after the execution of the mortgage. See Stoutz v. Rouse, 84 Ala. 309,4 So. 170 (1888), holding that a bona fide purchase of the right of redemption which is entered into subsequent to the mortgage will be upheld by the courts, unless procured by fraud.
(3) Appellants argue that public policy disfavors any agreement which operates to destroy a debtor's right of redemption after foreclosure, and that the right to redeem is a creature of law and not of contract. Moreover, they contend that subsequent oral modifications rendered inoperative the provision of the March 1, 1978, agreement requiring conveyance of the property along with the right of redemption. *Page 53 
Appellees point to a clause in both mortgages to refute appellants' public policy argument. That clause forbids any modification of the mortgage unless such alterations are in writing signed by the parties, and according to appellees, effectively bars any verbal modifications such as those alleged by appellants. This writing, entered into March 1, 1978, evidenced appellees' agreement to extend the time for payment in consideration of appellants' agreement to reconvey the property in the event of failure to pay. Appellees produced a letter from Herring to appellees' attorneys in which the general partner of Cedarwood applauded the written agreement as being comprehensive of all verbal commitments. Appellees further contend that unless the record shows the agreement was procured by fraud or undue influence, it is totally acceptable and enforceable. No such evidence is contained in the record.
The law in Alabama concerning the issue before us was aptly stated by Justice Somerville in 1887 in Stoutz v. Rouse, supra, and holds true today, as well:
 "The right of redemption is the creature of law, and not of contract. The parties are not, therefore, permitted by special agreement to disannex from the mortgage at the time of its execution, that which the law has declared shall be annexed to it to prevent the undue oppression of debtors by creditors. And a like rule has been applied for similar reasons to the statutory right of redemption. — Palmer [Parmer] v. Palmer [Parmer], 74 Ala. 285.
 "But the reason of this rule, however, does not apply to any fair and bona fide purchase of the right of redemption which is entered into subsequently to the execution of the mortgage. Although courts of equity will scan such a purchase with watchfulness, it will still be upheld, unless procured by fraud, actual or constructive, including any unconscientious advantage, or undue influence, or on a consideration which is grossly inadequate. — Hitchcock v. U.S. Bank, 7 Ala. 386; 443; McKinstry v. Conly, 12 Ala. 678.
 "It is sometimes said that a purchase of the equity of redemption will be sustained only when it is based on an adequate consideration. — Thomas on Mortg. § 678; 2 Jones Mortg. (3rd Ed.) § 1045. There is much reason, however, in the rule, that in the absence of fraud, undue influence, or unconscionable advantage, the mortgagor may, at any time after the execution of the mortgage, by a new and separate contract, sell or release his equity of redemption to the mortgagee, for a consideration that is not grossly inadequate. This we incline to hold to be the better rule. . . .
 ". . . Why may not the mortgagor and mortgagee provide by a fair contract, without resort to the courts, for doing precisely what the law would do for them? Shall the law prohibit the parties from contracting bona fide at an agreed price, to do what it will compel by legal process? We think not, unless the relation of the parties is used to acquire some undue influence by which the creditor unfairly oppresses the debtor, or the sale made is based on a grossly inadequate consideration, for the legal effect of the transaction is that of a sale with the privilege of re-purchase within two years, and not of a mortgage, or security for a debt. This is not an unfair sale of the equity of redemption, nor an unreasonable fettering of it within the meaning of the law. It merely converts it by contract into the statutory right of redemption, in order to save the expenses of foreclosure incident to a suit in chancery. The law highly favors the compromise of law suits, whether pending or threatened, upon the soundest principles of public policy."
84 Ala. 309, 311-312, 4 So. 170 (1888).
The conflicting evidence presented on these issues in the trial court made an ore tenus case for our review. When the evidence is heard ore tenus, the judgment is presumed correct and will not be disturbed on appeal unless it is plainly and palpably erroneous. Sandlin v. Sanders, Ala., 360 So.2d 977
(1978); Davis v. Linden, Ala., *Page 54 340 So.2d 775 (1976). In this case the trial judge examined numerous exhibits and heard testimony from several witnesses before he rendered the judgment. On the record, his findings were not plainly and palpably wrong; and therefore, his judgment is due to be affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and SHORES, JJ., concur.