# Sloss-Sheffield S. & I. Co. v. Lollar.
## and
# Lollar v. Sloss-Sheffield S. & I. Co.

### Bill to Quiet Title.

(Decided Dec. 22, 1910. 54 South. 272.)

1. *Evidence; Ancient Documents; Authentication.*—In connection
with proof of actual possession by the present owner, or his prede-
cessor in title under the deed, a deed thirty years old, coming from
the proper custody, without any marks of suspicion attaching to it,
is admissible in evidence under the rule as to ancient documents, es-
pecially where it is shown that the grantee and those claiming un-
der him have looked after the land conveyed by the deed, and paid
taxes on it.

2. *Same; Validity.*—The evidence must be clear, satisfying and
convincing to show that it was signed in blank, in order to overcome
the presumption of the due execution and genuineness of a deed over
thirty years old, regular on its face. In this case, the evidence is
examined and held insufficient to overcome such presumption.

3. *Deeds; Requisites; Description of Parties.*—Although the body
of the deed should show who are the grantors, the requirement is
met, if, from the deed in its entirety, enough is shown from which,

[Sloss-Sheffield. S. & I. Co. v. Lollar and Lollar v. Sloss-Sheffield S. & I. Co.]

by the aid of extrinsic evidence, the names of the grantors can be made certain.

4. *Same.*—Where a deed named a widow and her heirs as the grantors the word "heirs" will be taken as meaning children, and the deed held sufficient as against the objection that the grantors are not named in the body of the deed.

5. *Husband and Wife; Conveyances by; Estoppel to Deny Validity.*—Although the doctrine of estoppel does not operate against a married woman where she conveys land without her husband joining as required by the statute, yet, where a woman, before her marriage, participates in the sale of land and in the proceeds arising therefrom, her subsequent marriage and execution of a deed thereto without her husband joining cannot save her from an estoppel already operative against her.

6. *Vendor and Purchaser; Bona Fide Purchaser; Good Faith.*—Where one seeks not to buy land, but to buy whatever claim the seller might have in the land, and tells the seller that whatever he pays for his claim is just that much picked up by him, and thereupon pays $112.50 for the same, although telling them that he had rather pay $6,400.00, and buy the land straight, and who procures deeds expecting at the time to bring suit against a former grantee, is not a purchaser for value without notice.

7. *Quieting Title; Proceedings; Judgment.*—Where a bill to quiet title containing all the essential averments is filed under the statute, and the answer specifically sets forth the defendant's title and claim, and the manner and sources through which it was derived, the bill should not be dismissed, although the complainant is not in possession, since under section 5446, Code 1907, the defendant is entitled to have his title and claim determined by the decree of the court.

8. *Same; Cross Bill; Possession by the Defendant.*—A cross bill is necessary to a defendant in a statutory bill to quiet title, if the defendant desires affirmative relief; possession is not necessary to sustain such cross bill, since a court of equity retains jurisdiction for all purposes necessary to a final determination of the controversy.

APPEAL from Walker Circuit Court.

Heard before Hon. A. H. BENNERS.

Bill by L. W. Lollar against the Sloss-Sheffield Steel & Iron Company, to quiet title, with cross bill by the defendants seeking affirmative relief. From a decree dismissing both the bill and the cross bill, both parties appeal. Reversed and remanded.

TILLMAN, GRUBB, BRADLEY & MORROW, for appellant and cross-appellee. In a bill of this character it is necessary that there be an averment of actual or construc-

tive posession of the land by one claiming to own it.—
Sec. 5443, Code 1907; *Smith v. Gordon,* 136 Ala. 495.
Section 5446, of the Code requires the court to pass up-
on defendant's title or interest in the matter, and by de-
cree to establish and declare the same, and where the
defendant seeks the affirmative relief, a cross bill is nec-
essary.—*Jenkins v. Schwab Co.,* 138 Ala. 664; *Int. B.
& L. Assn. v. Stocks,* 124 Ala. 109; *Cheney v. Nathen,*
110 Ala. 254; *Ward v. Janney,* 104 Ala. 122; *Ables v. P.
& M. & I. Co.,* 92 Ala. 386. It is not essential that the
defendant allege possession in his cross bill.—*Smith
v. Cochran,* 66 Ala. 79; *Plant v. Barclay,* 56 Ala. 563;
*Worthington v. Miller,* 56 Ala. 561. The deed was an
ancient deed, and for this reason admissible in evidence
without further proof of execution.—*Alexander v.
Wheeler,* 78 Ala. 167; *White v. Hutchins,* 40 Ala. 253.
The burden was on the complainant to establish the
invalidity of this deed.—2 A. & E. Enc. of Law, 324.
While it is admitted that the body of the deed should
show who the grantors are, it is not required that the
names of the grantors should be inserted in the deed.
—*Madden v. Floyd,* 69 Ala. 221; *Jones v. Morris,* 61
Ala. 518; *Shaw v. Loud,* 12 Mass. 447. Although the
certificate of acknowledgment was insufficient, the deed
was subscribed by two witnesses and recorded, and
hence, operated as a notice.—*Merritt v. Phoenix.* 48 Ala.
87; *Bickley v. Keener,* 60 Ala. 293; Sec. 3317, Code
1907. The delivery of the deed can and will be presum-
ed from the facts shown in this record.—*Alexander v.
Alexander,* 71 Ala. 295; *Cherry v. Herring,* 83 Ala. 485;
*Ward v. Ross,* 1 Stew. 136; *Houston v. Stanton,* 11 Ala.
413; *McMorris v. Crawford,* 15 Ala. 271; *Fireman's Ins.
Co. v. McMillan,* 29 Ala. 147; *Williams v. Higgins,* 69
Ala. 517; *Goodlett v. Kelly,* 74 Ala. 213; *Well's Case,*
100 Ala. 430; *Elston v. Comer,* 108 Ala. 76; *Lewis v.*

[Sloss-Sheffield S. & I. Co. v. Lollar and Lollar v. Sloss-Sheffield S. & I. Co.]

*Watson,* 98 Ala. 479; *Normant v. Eureka Co.,* 98 Ala. 181; 2 Mayfield's Digest, p. 1086, Subd. 18. Mrs. Adcock was estopped under the facts in this case.—*Osborn v. Cooper,* 113 Ala. 405; *Wylder v. Wylder,* 89 Ala. 414. Counsel proceed then to discuss the answers made by the cross bill. 1st, that of adverse possession, to which they cite authority. And, 2nd, that claiming under Adcock's as he does, complainant is barred by the lapse of time, to which authorities are also cited. By his own testimony, complainant is guilty of champerty in the acquisition of his title, and hence, is not a bona fide purchaser for value without notice.—*Sibley v. Alba,* 95 Ala. 191; *Bernstein v. Humes,* 60 Ala. 582; *Dester v. Nelson,* 6 Ala. 68; 5 A. & E. Enc. of Law, 834-844. The defendant was entitled to relief on its cross bill even though its equity may not be independent.—*Collier v. Alexander,* 138 Ala. 245; *O'Neal v. Prestwood,* 153 Ala. 443.

BANKHEAD & BANKHEAD, for appellee. Counsel discuss the equity of the cross bill and insist that it cannot be maintained to remove a cloud on title.—*Tate v. A. F. L. M. Co.,* 132 Ala. 193; 3 Mayf. Dig. Sec. 418; *Galloway v. Hendon,* 131 Ala. 280; *Meyer v. Calera L. Co.,* 133 Ala. 577. A bill disclosing no more than an unquiet or unfounded application of the validity of the complainant's title, and a false clamorous assertion of hostile assertion, a court of equity cannot interfere to quiet the one or silence the other.—*March v. England,* 65 Ala. 284; *Adler v. Sullivan,* 115 Ala. 586. The new Code gives an adequate remedy at law for slanderous facts. A cross bill to a statutory bill is governed by the usual chancery practice, and the statutory answer is departed from, and the respondents become the actor for some affirmative relief, the respondent then aban-

dons the procedure under the statute, and becomes independent of the statute.—*Jenkins v. Schwab Co.*, 138 Ala. 664. The court erred in dismissing the original bill. The proof placed the legal title in complainant, and with it the constructive possession of the land.—*Smith v. Goodman*, 136 Ala. 495; *So. Ry. Co. v. Hall*, 145 Ala. 224. The deed was signed in blank and did not pass title.—*Brunson v. Norgan*, 76 Ala. 593; *A. G. S. v. L. & N.*, 84 Ala. 570; *Upton v. Archer*, 10 Am. Rep. 266; *urns v. Lyde*, 6th Allen (Mass. 305; *Ayers v. Harness*, 1st. Ohio 368; *Byers v. McClanahan*, 6th G. & J. (Md.) 250; *Lockhart v. Roberts*, 3rd Bibb (Ky.) 361; *Dickson v. Hammer*, Frem. (Miss.) 284; *Premiter v. McDaniel* (S. C.) 26th Amer. Dec. 179; *Wynn v. Governor*, (Tenn.) 24th. Amer. Dec. 448; *Gilbert v. Anthony*, (Tenn.) 24 Am. Dec. 439; *Mosley v. Ark*, 4 Sneed 327. The unauthorized filling of a blank changes the legal identity of the paper, and makes it speak a language different in legal effect from that which was intended.—*Green v. Sneed*, 101 Ala. 205; *Hollis v. Harris*, 96 Ala. 291. Parol authority to fill blanks must be stictly followed.—*Chauncery v. Arnold*, 24 N. Y. 330; 33 Wiss. 299. Where mineral is severed by deed possession of the surface does not include possession of the mineral.—*Little v. Brown*, 20 Ala. 417; 38 L. R. A. 249; 176 Ill. 275; 37 Pa. St. 427. The possession of land under a claim which does not embrace the minerals is not adverse to the true owner as to the minerals. —*L. & N. v. Massey*, 136 Ala. 156. The possession of the minerals in this case was referred to the legal title, giving constructive possession, which is sufficient to maintain the bill.—*So. Ry. v. Hall, supra; Friedman v. Shamblin*, 117 Ala. 454. The deed was not admissible as an ancient document.—*O'Neal v. T. C. I. R. R. Co.*, 140 Ala. 378. No estoppel is shown as to Lollar, and in

244          SUPREME COURT          [Vol.

[Sloss-Sheffield S. & I. Co. v. Lollar and Lollar v. Sloss-Sheffield
S. & I. Co.]

each instance the facts are different as to each heir.—
*Ross v. Pearson,* 21 Ala. 473; *Thompson v. New S. C.
Co.,* 135 Ala. 630; 4 A. & E. Dec. in Eq. 265, 269 and
347. Adcock could not orally authorize his mother to
sign the deed.—Sec. 982, Code 1907. There was no
estoppel as to Mrs. Whitley.—*Fairchild v. Dunbar Co.,*
128 Penn. 485; 16 Cyc. 91. Whether Mrs. Miller receiv-
ed part of the purchase money or not, she was at that
time a married woman, and equity will not by setting
up an estoppel against the wife accomplish the convey-
ance of her separate estate without the consent of her
husband evidenced by joining in the conveyance.—*Rus-
sell v. Peavy,* 131 Ala. 567; *Jackson v. Knox,* 119 Ala.
320; *VanZant v. Weir,* 109 Ala. 104; *Duncan v. Free-
man,* 109 Ala. 186. Counsel discuss the question of ad-
verse possession and champerty with citations of au-
thority. On the question of laches or lapse of time, they
cite *Robinson v. Pearce,* 118 Ala. 304; *Bolling v. Hoven,*
143 Ala. 655.

DOWDELL, C. J.—From a final decree of the chan-
cellor, rendered on a submission of the cause on the
pleadings and proof, the present appeals, direct and
cross, are taken. The Sloss-Sheffield Steel & Iron Com-
pany, hereinafter designated as the Sloss Company, was
respondent in the original bill and the complainant in
the cross-bill. L. W. Lollar was complainant in the
original and respondent in the cross bill.

L. W. Lollar filed his bill under the statute (section
5443 et seq., of the Code of 1907) for the purpose of
quieting title and compelling a determination of claims
to the land described in the bill. The lands, the title
and claims to which are sought to be quieted and de-
termined, consist of the minerals in the following de-
scribed land: S. W. ¼ of S. E. ¼, section 22, and S.

½ of N. W. ¼ and W. ½ of N. E. ¼ and S. E. ¼ of N.
E. ¼ and N. ½ of S. E. ¼, section 27 all in township
15, range 7, and situate in Walker county, state of Ala-
bama. The bill contained all of the necessary aver-
ments under the statute. The Sloss Company answer-
ed the bill, setting forth in its answer, pursuant to the
requirements of the statute (section 5445), its title and
claim to the lands in question. The answer of the re-
spondent contained other averments as a predicate for
affirmative relief, and to that end was made a cross-bill
with appropriate prayer.

Both parties claim title through a common source.
It appears that some time prior to the year 1876 Ed-
mund I. Adcock entered the land in question, it being
United States government land, and died in possession
of it, leaving surviving him his widow, K. E. Adcock,
and three children—William Adcock, a son, and two
daughters, F. A. Adcock and A. J. Adcock. The two
daughters subsequently married, and are known in the
record here as Mrs. F. A. Miller and Mrs. A. J. Hol-
comb; the latter sometimes called Mrs. Whitley, the
husband's name by her second marriage. The complain-
ant, Lollar, claims title under deeds made to him by the
three children, heirs at law of Edmund I. Adcock, de-
ceased, namely William Adcock, Mrs. F. A. Miller, and
Mrs. A. J. Whitley, formerly Mrs. A. J. Holcomb, and
which said deeds were executed in January, 1907, a
month or two before the institution of this suit. The
respondent, complainant in the cross-bill, claims under
a deed from K. E. Adcock, William Adcock, F. A. Mil-
ler, and A. J. Holcomb to Benjamin M. Long, of date
January 14, 1878, and from said Long through a con-
nected chain of title to itself.

The deed to Long of January 14, 1878, is attacked
by the complainant, and its validity as a deed contested

and denied, upon the asserted ground that at the time
of its execution it was signed in blank, not containing
the name of the grantee, nor a dscription of the prop-
erty conveyed; furthermore, that the grantors, heirs at
law of E. I. Adcock, who signed the deed, are not named
in the body of the deed as grantors, the description in
the deed of the grantors being Kessiah E. Adcock and
*her heirs,* of Cullman county.  It is also asserted by
complainant that William Adcock did not in fact sign
the deed, and that F. A. Miller, one of the grantors who
signed the deed, was at the time a married woman, and
that her husband did not join with her in its execution.

The deed in question was attested by two witnesses,
and there was also an acknowledgment taken before one
D. P. Vickery, a notary public and ex officio justice of
the peace, and, though irregular, certifying that "K.
E. Adcock and her heirs, whose name is signed in the
foregoing conveyance and who is known to me, acknowl-
edged," etc.  This deed was filed for registration in the
office of the probate judge of Walker county on the 4th
day of June, 1897.  The deed, when offered in evidence
in this case, was more than 30 years old; but the ques-
tion of its admissibility in evidence as an ancient docu-
ment is of no importance, as its execution was duly
proven by each of the attesting witnesses, who testified
in the case.  It may be said, however, in passing, that its
great age and coming from the proper custody, without
any mark of suspicion attaching to it, in connection
with the fact that Long and those claiming under him
had looked after the land and paid taxes on it, "acts re-
ferable to the title," as was said in *White, McLane &
Morris v. Farris,* 124 Ala. 461, 27 South. 257, was suf-
ficient to admit the deed in evidence upon the doctrine
of ancient documents, with further proof of actual pos-

session by the Sloss Company or its predecessors in title under the deed.

The deed on its face is by Mrs. Adcock and "her heirs," and it is contended that, as the parties signing it, other than Mrs. Adcock, are not named as grantors in the body, it is ineffectual to convey their title. While it is true that the body of the deed must show *who* are the grantors, the rule does not require the names of the grantors to be inserted in the body of the deed. The requirement of the rule is met if, from the deed in its entirety, enough is shown from which, by the aid of extrinsic evidence, the names of the grantors can be made certain. As was said in *Madden v. Floyd,* 69 Ala. 221: "The description is sufficiently certain if the identity of the party can be worked out through a proper application of the maxim, 'Id certum est quod certum reddi protest.'" To the same effect is *Jones v. Morris,* 61 Ala. 518, wherein, quoting from *Shaw v. Loud,* 12 Mass. 447, it is said: "A deed made to the *heirs at law* of a deceased person is good, because the persons who are to take can be ascertained by extrinsic testimony." It is evident that the words *"her heirs,"* as used in the deed in the present case, meant *her children*—was intended to designate *her children.* The living have no heirs—"non hæres est viventis." The *children* of Mrs. Adcock signed the deed with her, which of itself shows what was understood by all of them in the use of the words *"her heirs"* as employed in the body of the deed. Applying the principle laid down in the above-cited cases of *Madden v. Floyd* and *Jones v. Morris,* we have no hesitancy in upholding the deed against this attack on its validity.

Was the deed signed in blank? This is an issue of fact, in which the burden of proof rests upon the attacking party. The testimony here is in conflict. The

deed is regular on its face, and after the lapse of 30 years it comes within that class of instruments with reference to the execution and genuineness of which it was said, in *Bernstein v. Humes,* 75 Ala. 241-244: "The dust of years has settled on the transactions brought in view in the testimony, and human memory is not infallible. Some of the witnesses must be mistaken; for they are in conflict. Be the true facts as they may, we hold that the rulings of the circuit court, in receiving the ancient deeds and copies in evidence are free from error." In *Wilson v. Holt,* 83 Ala. 528-540, 3 South. 321, 327, 3 Am. St. Rep. 768, a suit to establish an interest in land, dependent upon the validity of a decree of divorce rendered some 23 years before, when legislative sanction was required to render the decree of divorce effectual, there being no evidence in the case of such legislative sanction, it was said: "It will be presumed, therefore, in view of this great lapse of time, that the requisite sanction was given by the General Assembly to the decree of divorce granted by the chancery court. Almost any reasonabe presumption of fact will be conclusively indulged, in order to sustain the rights asserted under a decree which is 20 years old."—*Wilson v. Holt,* 83 Ala. 528-540, 3 South. 321, 3 Am. St. Rep. 768; *Clemmons, et al. v. Cox, et al.,* 116 Ala. 567-572, 23 South. 79.

In 16 Cyc. p. 1075, the principle is thus stated: "Upon proof of a fact so ancient as to suggest inherent difficulty in proving preliminary or attendant facts, all circumstances necessary to its legal validity will be assumed to exist." In a case like the one under consideration, after so great a lapse of time, in order to overcome the reasonable presumptions to be indulged in favor of the due execution and genuineness of the deed, the evidence should be clear, satisfactory, and convinc-

ing. Such is not the state of the complainant's evidence. Three of the principal actors participating in the transaction of the making of the deed, namely, Mrs. Adcock, one of the grantors and the mother of the other three whose names are signed as grantors, and who it is admitted negotiated the sale of the land, and B. M. Long, the named grantee in the deed, and D. P. Vickers, the justice of the peace who took the acknowledgment and in whose handwriting the writing of the body of the instrument is admitted to be, have long since been silenced in death. These three, if living, could no doubt by their testimony explain some things material, that are left wholly in inference by the testimony in the case. It is not our purpose here to undertake to discuss in detail the evidence of the several witnesses testifying in the case, as counsel have done in elaborate briefs, but only, after having carefully considered all of the evidence, to express our conclusions.

The three principal witnesses of the complainant to the transaction of the making of the deed, namely, William Adcock, Mrs. Miller, and Mrs. Holcomb, cannot be said to be free from the bias of interested parties, and how far this interest may have operated to influence their recollection of a transaction so long past no one can say. These witnesses themselves, in their testimony, are in conflict in some of the material particulars relating to the transaction. These three witnesses, however, all testify that the deed, when signed, was a blank deed. Opposed to this evidence is the testimony of Wilson and Costlow, the two attesting witnesses to the deed. These two witnesses are wholly disinterested, and they each testify positively and unequivocally that the deed was not a blank deed when signed by the parties and attested by them, but was then just as it is now, excepting the marks of age upon it. The only dis-

crepancy in the testimony of these two attesting witnesses as to the execution of the deed was in their recollection as to the name of the grantee in the deed. The recollection of one was that it was Benjamin Long, while the recollection of the other was that the name of the grantee was Bailey. This, from the evidence in the case, can be very easily accounted for. Bailey was the person with whom Mrs. Adcock negotiated the sale of the land, and to whom she executed her bond for title. Bailey failed to meet the deferred payment, and Long came to his aid, and the deed was made to Long as a security. There is evidence to warrant us in this conclusion. There is also evidence that there was talk of Long and Bailey in connection with the transaction of the making of the deed. In this way it can readily be seen how the recollection of a witness might be confused after the lapse of so long a time. But, be that as it may, they are each positive in their recollections that the deed was not signed in blank, but was read over and signed by each of the parties whose names appear to it, in the presence of these witnesses, who then and there attested as witnesses. With this evidence, supported by the presumptions attaching to the execution of the deed after the lapse of 30 years, we are of the opinion that the complainant has not only failed to discharge the burden of proof, but that the preponderance and great weight of the evidence is against him and in favor of the validity of the deed. And this is true, not only as to the question of the deed's being signed in blank, but also as to its execution by William Adcock, who denied that he signed the deed, at the same time admitting that he authorized his mother to sign his name to it.

It is not disputed that Mrs. F. A. Miller, at the time she signed the deed, was a married woman, and that her

husband did not join with her in its execution. On
this it is insisted that the deed did not convey the legal
title to her interest, and, furthermore, that she is not
estopped from asserting such legal title. We recognize
the rule, under our decisions, that the doctrine of estop-
pel does not operate against a married woman where
she conveys her land without her husband's joining
with her in such conveyance in accordance with statu-
tory requirement. But the facts in this case, we think,
relieve it from the rule. The evidence to our minds con-
clusively shows that all the purchase money for the
land was paid to Mrs. Adcock and her children, and
that Mrs. Miller got a part of the purchase money be-
fore she was married. She was not only present when
Bailey traded for the land from Mrs. Adcock, her moth-
er, but the evidence shows she was willing and consent-
ed to the trade, and actually participated in the pro-
ceeds of the sale. She was then an unmarried woman
and over 21 years old. Out of this conduct arose an
equitable estoppel, and by it she clearly precluded her-
self from avoiding the sale; and her subsequent mar-
riage would not save her from an estoppel already oper-
ative against her.

But, it is insisted that, even should it be held that
the Adcock heirs had estopped themselves from attack-
ing the sale to Bailey made in 1876, and consummated
by the execution of the deed to B. M. Long of January
14, 1878, the complainant, Lollar, would not be estop-
ped, for the reason, as stated in argument by counsel,
that he was a subsequent purchaser for value, without
notice of the participation in the purchase money by
his grantors. Aside from consideration of the question
as to whether an estoppel is operative against one's pri-
vies, whether bona fide purchasers for value and with-
out notice, or not, which was left an open question in

*Lindsay v. Cooper,* 94 Ala. 178, 11 South. 325, 16 L. R. A. 813, 33 Am. St. Rep. 105, it is quite clear from the evidence in this case that the complainant was not a purchaser in good faith for value and without notice. His own testimony, as well as that of his grantors, shows that he approached them, not for the purpose of "buying the land," but whatever "claim" they might have in the land; that he told them he "would rather buy the land straight from them at $20 per acre" than to pay them what he did for whatever claim they had; that, in approaching his grantors for deeds, he designated the land as having been formerly owned and sold by them, and told them that whatever he paid them for their claims would be just like that much picked up by them; that he paid them $112.50 for their "claims," and yet told them that he would rather pay them $6,400 and buy the land straight; that he procured the deeds, expecting to bring suit against the Sloss Company, that he knew at the time was claiming to own the minerals in the land. On this evidence, it is hardly possible for an impartial mind to reach the conclusion that the complainant was a bona fide purchaser for value and without notice, and any estoppel arising out of the transaction with Bailey against the complainant Lollar's grantors must operate against him, for the evidence shows that he had positive knowledge of the transaction with Bailey.

We are of the opinion, and so hold, that the claim of the respondent, the Sloss-Sheffield Steel & Iron Company, both legal and equitable, in and to the mineral interests in question, is superior to that of the complainant Lollar.

The learned chancellor, upon the hearing of the cause, reached the conclusion, as stated by him in opinion, copied in the record, accompanying his decree, "that

the complainant was not, when the bill was filed, in the actual or constructive possession of the mineral interest in the land in controversy," and thereupon rendered a decree dismissing the complainant's bill, and, being further of the opinion that the cross-bill contained no independent equity, decreed a dismissal also of the cross-bill. We concur in the conclusion of the chancellor that the complainant was not, when the bill was filed, in the possession, actual or constructive, of the mineral interests in the land in controversy, but not in his decree dismissing the bill and the cross-bill. In this respect we think the chancellor was in error.

The bill is filed under the statute and contains all of the essential averments of a statutory bill. The statute prescribes what the answer of a defendant claiming an interest shall specify and set forth. The answer in the present case, pursuant to the statute, specifically sets forth the defendant's title and claim, and the manner and the sources through which the same was derived or created. Section 5446 then, among other things, provides that the court shall, "upon such consideration and determination, finally adjudge and decree whether the defendant has any right, title," etc., "and what such right, title," etc., "is," and that "such decree is binding and conclusive upon all the parties to the suit." Under the statute, the defendant, on its answer, apart from the cross-bill feature, having established its prior right or title, was entitled to have its title and claim determined and adjudged by the decree of the court.—*Collier v. Alexander*, 138 Ala. 245, 36 South. 367.

Recognizing the rule that an original bill to remove cloud from title, without actual possession of the land in the complainant, is wanting in equity and cannot be maintained, we are of the opinion that the rule does not extend to cross-bills in a statutory bill of the char-

acter of the one under consideration. The same reasons do not exist for the application of the rule. Moreover, there is another general rule that, whenever a court of equity acquires jurisdiction for any purpose, it will assume jurisdiction for all purposes necessary to a final determination and full settlement of the controversy between the parties.

Here the complainant invited the respondent into court for the purpose of having their controversy determined and settled, and the title to the land quieted. The relief asked in the cross-bill was affirmative, and under our decisions, in a statutory bill of this character, in order to obtain such relief a cross-bill with appropriate averments was necessary. In *O'Neal v. Prestwood*, 153 Ala. 443, 45 South. 251, the precise question we have here is decided. The bill in that case was filed under the statute to quiet title, and the defendants made their answers cross-bills. In that case the land in controversy was, as found by the court, uninclosed, "in the nature of a common, in the outskirts of Andalusia, which on the record was in the actual possession of no one." It was said by this court, speaking through McClellan, J.: "The issue, then, as respects the possession at the time the bills were filed, is one of title, which draws to it the constructive possession of the real estate in question. In other words, title is the inquiry which, when determined will cast the cause."

Such is the case we have before us, and in the cited case this court granted the identical relief prayed by the cross-bill in this case; that is, the court canceled the conveyances under which the complainants claimed as clouds upon the respondents' title. That case, as an authority, is conclusive of this one on the immediate question under consideration.

[Coleman v. Stewart.]

It follows, therefore, from all that has been said by us, that the decree of the chancellor must be reversed; and one will be here rendered adjudging that the respondent, the Sloss-Sheffield Steel & Iron Company, has the superior claim and title over the complainant in the mineral interest in the land in question; and it is further decreed that the deeds from William Adcock, F. A. Miller, and A. J. Holcomb, to the complainant, Lollar, be · canceled as clouds upon the respondent's title.

As the conclusion reached by us is a final determination of the controversy between the parties, it becomes unnecessary to consider other questions in the case argued by counsel, and we therefore refrain from any discussion of them.

Reversed and rendered.

ANDERSON, SAYRE, and EVANS, JJ., concur.