(90 South. 349)

**SMITH et al. v. RHODES et al.   (3 Div. 518.)**

(Supreme Court of Alabama.   June 16, 1921. Rehearing Denied Oct. 13, 1921.)

1. **Quieting title ⬳51 — Cross-bill held to show equitable title which court should make effectual.**

In action to quiet title (Code 1907, § 5443 et seq.), wherein defendant in his answer,

which he made a cross-bill under section 3118. denied that complainants had any interest in a certain part of the land set out in the bill, which defendant claimed to own through foreclosure of mortgages executed by certain persons, and alleged that "said notes and mortgages were duly and legally transferred and assigned to S. & R. a partnership composed of S. and R.," held, that the cross-bill showed an equitable title in defendant which a decree of the court sitting in equity should make effectual, though it does not show that there was a proper assignment in writing or proper foreclosure by the donee of the power of sale, in that the power of sale was exercised by a mere attorney.

2. **Quieting title ⬳38, 39—Cross-bill may set up title in part of property described in original bill.**

It was not necessary to the equity of a cross-bill in an action to quiet title that cross-complainant should set up title to the entire property described in the original bill, nor was any formal disclaimer necessary as to that part not claimed by him, under Code 1907, §§ 3118, 5443, et seq.

3. **Quieting title ⬳39—Defendant filing cross-bill need not be in possession.**

The rule that an original bill to quiet title, without actual possession of the land in complainant, is wanting in equity, does not apply to a cross-bill, under Code 1907, §§ 3118, 5443, et seq.

4. **Equity ⬳204 — Cross-bill seeking damages and to restrain trespasses held not multifarious.**

In action to quiet title under Code 1907, § 5443 et seq., an answer, made a cross-bill under section 3118 as to a part of the land described in the original bill, which sought to restrain complainants and others acting for them, from trespassing upon the land, and for damages suffered by reason of the trespasses of such third persons, held not multifarious, though the various cross-defendants did not have the same measure of interest.

5. **Quieting title ⬳34(1), 39—Averments may import equity beyond that provided by statute.**

A bill to quiet title under Code 1907, § 5443 et seq., or a cross-bill in such an action under section 3118, may import an equity beyond that provided by such statutes.

6. **Equity ⬳39(1)—Will retain cause until final determination.**

When a court of equity has jurisdiction over a cause for any purpose, it may retain the same for all purposes and proceed to a final determination of all matters at issue.

Appeal from Circuit Court, Butler County; A. E. Gamble, Judge.

Bill by Celia Smith and others against F. M. Rhodes and others, in which a cross-bill was filed. From a decree overruling demurrers to the cross-bill, complainants appeal. Affirmed.

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

R. B. Smythe, of Greenville, for appellants.

The cross-bill was multifarious. 147 Ala. 239, 41 South. 474; 149 Ala. 71, 43 South. 352; 182 Ala. 266, 62 South. 96. The cross-bill introduces a change of parties. 165 Ala. 189, 51 South. 757; 104 Ala. 599, 16 South. 527; sections 3129, 3130, Code 1907; 132 Ala. 148, 31 South. 469.

Lane & Lane, of Greenville, for appellees.

Brief of counsel did not reach the Reporter.

SAYRE. J. Complainants, Celia Smith and others, heirs at law of Frank Roberts, deceased, filed this bill under the statute to quiet their alleged title (Code, § 5443 et seq.) to the west half of the west half of section 26, township 7, range 12, in Butler county. Defendant Rhodes in his answer, which he made a cross-bill under the statute (Code, § 3118), conceded complainants' title to the northwest quarter of the northwest quarter of the section, but denied that they had any right, title, or interest in the west half of the southwest quarter or the southwest quarter of the northwest quarter of the section, which he claimed to own through the foreclosure of mortgages made by Frank Roberts and his wife, Amanda, both now deceased. Further, by amendment of his cross-bill, cross-complainant averred that Wilson Smith, husband of original complainant Celia Smith, acting for and on behalf of original complainants (alleged to be insolvent), had cut and removed valuable timber from the land claimed by him (cross-complainant) and would continue so to do unless enjoined by an order of the court. The prayer of the cross-bill was for a temporary injunction restraining original complainants and their agent. Smith, from cutting timber, that cross-complainant's title in the 120 acres claimed by him be confirmed, and that a reference be ordered to ascertain damages suffered by reason of Smith's trespasses and for judgment for the same. Frank Roberts, codefendant in the original bill and one of the heirs at law of Frank Roberts, deceased, was made party defendant to the cross-bill; the averment being that as against him also cross-complainant was entitled to have his right and title in the 120 acres declared and settled. Demurrer to the cross-bill was overruled, and from that decree this appeal is prosecuted.

[1] The point of some of the grounds of demurrer directed against the cross-bill appears to be that cross-complainant shows no title, for that no proper assignment of the mortgages to Shell & Rhodes, who foreclosed, is averred, nor any proper foreclosure; this latter for the reason that the power of sale was exercised by O. A. Lane, as attorney. This first objection—or these objections—is sufficiently answered by the averments of the cross-bill. As for the assignment, the aver-ment is that "said notes and mortgages were duly and legally transferred and assigned to Shell & Rhodes, a partnership composed of W. F. Shell and F. M. Rhodes." Construing this averment against the pleader to the extent of holding that there was no assignment in writing by which the legal title passed to the assignees, and conceding that the foreclosure, to vest the legal title in the purchaser, should have been made in the name of the donees, of the power or their assignees, and not by a mere attorney, the averments of the cross-bill suffice to show, as against both objections, an equitable title in cross-complainant which the decree of the court, sitting in equity, should make effectual. Dacus v. Streety, 59 Ala. 183; Sanders v. Cassady, 86 Ala. 246, 5 South. 503; Newborn v. Bass, 82 Ala. 622, 2 South. 520; Jordan v. McClure Lbr. Co., 170 Ala. 289, 309, 54 South. 415.

[2] It was not necessary to the equity of the cross-bill that cross-complainant should set up title to the entire property described in the original bill. Nor was any formal disclaimer necessary as to that part not claimed by him. When the court comes to make a final decree, original complainants will, for aught yet appearing in the cause, be entitled to decree as to the upper 40 described in their bill. The contest as to the rest of the land, that part claimed by cross-complainant will proceed and be determined on the evidence as to it.

[3] Nor was an averment that cross-complainant was in possession of that part of the land claimed by him essential to the equity of his cross-bill. The rule that an original bill to quiet title, without actual possession of the land in complainant, is wanting in equity, does not apply to a cross-bill in a proceeding under the statute. Sloss-Sheffield Co. v. Lollar, 170 Ala. 239, 54 South. 272.

[4-6] Objection was taken to the cross-bill that it was multifarious. This objection has taken several forms, viz. that distinct and independent subject-matters are joined by reason that cross-complainant has added his claim for damages to his bill seeking a declaration of his title; that a misjoinder of parties has been brought about by the introduction of Wilson Smith as a party defendant; that the cross-bill seeks relief beyond that provided by the statute. An original or cross-bill in causes of this character by proper averments may import an equity beyond that provided by the statute. Interstate B. & L. Ass'n v. Stocks, 124 Ala. 109, 27 South. 506. And, when a court of equity has jurisdiction over a cause for any purpose, it may retain the same for all purposes, and proceed to a final determination of all the matters at issue. 1 Pom. Eq. Jur. (4th Ed.) § 181; Bellinger v. Lehman, Durr & Co., 103 Ala. 385, 15 South. 600. There is no doubt that the cross-bill in this cause con-

tained equity as against the original complainants, and it results from the principle last stated that the claim for damages may be litigated in the case made thereby. Nor does the rule against multifariousness require that each defendant should· have the same measure of interest. Wilkinson v. Bradley, 54 Ala. 677. But we do not see that it was improper to bring Wilson Smith into the cause. On the averments of the original and cross bill he had no connection whatever with the equities of the case. But equity had jurisdiction to enjoin him from cutting timber on the land pending a settlement of the controversy as to its title, and this (22 Cyc. 821), in connection with the principle that equity, having once acquired jurisdiction, will proceed to a settlement of the entire controversy, was enough to justify his joinder as a party defendant to the cross-bill.

Our opinion, therefore, is that the demurrer to the cross-bill was properly overruled.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.