(108 So. 737)

## SMITH et al. v. RHODES.   (3 Div. 731.)

(Supreme Court of Alabama.   May 27, 1926.
Rehearing Denied June 17, 1926.)

**1. Quieting title ⬅39—Cross-bill showing that defendant had become purchaser of land at foreclosure sale, and that amount bid at sale had been paid, showed a perfect equity in defendant.**

Cross-bill in action to quiet title, showing that defendant had become purchaser of land at foreclosure sale, and averring that amount bid at sale had been paid to the foreclosing assignees of the mortgage, which averment was not denied, showed a perfect equity in defendant.

**2. Limitation of actions ⬅36(1).**

Defendant's claim of right and title to land by purchase at foreclosure sale, was not barred by limitations, where the 20 years necessary to raise presumption of payment of mortgage debt had not elapsed at time of foreclosure.

**3. Mortgages ⬅533.**

Where defendant paid purchase money bid at mortgage foreclosure sale, after a lapse of 11 years after foreclosure, he had acquired a perfect equity.

**4. Mortgages ⬅143—Possession of mortgaged property, unaccompanied by open disclaimer of mortgagee's title, is presumptively in subordination to mortgage title.**

Even though plaintiffs had possession of mortgaged property, presumptively they held in subordination, and not adversely, to the mortgage title, where possession was unaccompanied by open disclaimer of mortgagee's title, brought home to his knowledge.

Appeal from Circuit Court, Butler County; A. E. Gamble, Judge.

Bill in equity by Celia Smith and others against F. M. Rhodes, and cross-bill by defendant. From the decree, complainants appeal. Affirmed.

John S. Tilley and William F. Thetford, Jr., both of Montgomery, for appellants.

In the absence of recognition on the part of the mortgagor, the law presumes the debt is paid after the lapse of 20 years from maturity. Goodwyn v. Baldwin, 59 Ala. 127. If the mortgage is foreclosed, the possession of the mortgagor becomes adverse, and the purchaser is barred in 10 years. Garren v. Fields, 131 Ala. 304, 30 So. 775. Where the answer admits possession, and does not go further, and affirmatively show a superior title, this makes a prima facie case for complainant. Vidmer v. Lloyd, 193 Ala. 386, 69 So. 480, Ann. Cas. 1917A, 576. Adverse possession must be as definite as the character of the land will permit. Childress v. Calloway, 76 Ala. 128. Proof of a status which is continuous in its nature, such as possession, raises a presumption that it continues until

the contrary is shown. Hollingsworth v. Walker, 98 Ala. 543, 13 So. 6. Where appellee waited more than 10 years after foreclosure to convert his equity into legal title, he is guilty of laches. Fowler v. Ala. I. & S. Co., 164 Ala. 414, 51 So. 393.

Oscar A. Lane and Powell & Hamilton, all of Greenville, for appellee.

The propositions of law involved in this case were fully settled on former appeal. Smith v. Rhodes, 206 Ala. 460, 90 So. 349.

SAYRE, J.   The pleadings in this cause are for the most part sufficiently shown in the report of a former appeal. Smith v. Rhodes, 206 Ala. 460, 90 So. 349.

On the return of the cause to the trial court there was a submission for final decree, as the decree recites, "on all of the pleadings in the cause and on the testimony noted by the register and on the verdict of the jury on a trial in the circuit court," to which issues had been referred by decree. The verdict as found recited in the final decree and elsewhere in the record, so far as touching the matters in dispute on this appeal, was as follows:

"(1) We, the jury, find that Frank Roberts and Amanda Roberts did execute to H. T. Wimberly & Co., on April 2, 1894, a mortgage on a part of the lands described in the bill of complaint.

"(2) We find that Frank Roberts and Amanda Roberts did execute to H. T. Wimberly & Co., on June 3, 1895, a mortgage on a part of the lands described in the bill of complaint.

"(3) We find that said mortgages were legally transferred to Shell & Rhodes.

"(4) We find said mortgages were foreclosed, and that was a balance due on same at the time of the foreclosure."

If there was other evidence in the cause, it does not appear in the transcript of the record, nor was it noted in the note of testimony.

[1] From the auctioneer's certificate, exhibited as a part of appellee's answer and cross-bill, it appeared that defendant appellee, Rhodes, had become the purchaser of the land in controversy, 120 acres, at a foreclosure sale, August 27, 1909; but there was no proof by exhibit or otherwise that a deed had been executed in pursuance of the sale. But it was averred in the cross-bill that $360, the amount bid at the sale, had been paid to the foreclosing assignees of the mortgage, nor was this averment denied. It results that appellee had a perfect equity (Brunson v. Morgan, 84 Ala. 598, 4 So. 589), unless, indeed, the matters to be noticed shall be held to avoid the title acquired through the foreclosure sale.

The parties have chosen to rest their respective cases upon the effect of the averments concerning possession and the pre-

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

sumptions to be drawn therefrom and the findings of fact certified from the law side to the equity side of the court. There is no evidence on the subject of possession. The parties trace their right and title back to a common source, Frank and Amanda Roberts. In the original bill it is averred that Frank and Amanda were seized, and in actual, open, and notorious possession, of the tract now in controversy, 120 acres, in 1911 when they died, and the further averment is that original complainants, heirs of Frank and Amanda, have continued in such possession down to the filing of this bill, viz. August 6, 1920. For defendant and cross-complainant, Rhodes, it is averred that Frank and Amanda, in 1894 and 1895, executed and delivered two several mortgages to Wimberly & Co., which were assigned to Shell & Rhodes, and foreclosed by a sale under power in August, 1909, at which sale defendant cross-complainant, Rhodes, became the purchaser, as he was entitled to do under the terms of the mortgage, after which he took and retained possession until, in the spring of 1919, some of the complainants or their agents entered and began to cut the timber. One purpose of the cross-bill was to enjoin the trespass averred, and the decree contained a perpetual injunction against such trespass. Complainants' answer to the cross-bill reiterated their averment of possession.

[2-4] Appellants, original complainants in the court below, contend that appellee's claim of right and title was barred by laches and limitation. There being no evidence of payment of the mortgage debt except as the result of foreclosure, nor of an adverse holding, appellee was not barred at the time of the foreclosure, for the reason that 20 years, necessary to raise the presumption of payment of the mortgage debt, had not elapsed. Coyle v. Wilkins, 57 Ala. 108. Eleven years elapsed after foreclosure, after which appellee had not only the perfect equity created by his payment of the purchase money bid at the foreclosure sale, but the legal title passed by the mortgage conveyance—this last, notwithstanding there was no conveyance to pass the legal title after it was freed of condition by foreclosure (Toomer v. Randolph, 60 Ala. 356), for to that effect we construe the jury's finding that the mortgages had been legally transferred to Shell & Rhodes, who foreclosed. In any event, there was no evidence of an adverse holding by appellants at any time before or after foreclosure, nor any presumption of possession by them after the law day of the mortgages. And, if they had possession in fact, presumptively they held in subordination, and not adversely, to the mortgage title, and such possession, if unaccompanied by an open disclaimer of the mortgagee's title, brought home to his knowledge, had no effect upon the title of the mortgagee or his vendee.

Coyle v. Wilkins, supra. As we have said, there was no evidence of actual possession, nor was there any evidence of a disclaimer of the mortgage title. There was, therefore, nothing to put the statute of limitation into effect, nor anything on which to base an imputation of laches. Fowler v. Alabama Iron & Steel Co., 164 Ala. 414, 51 So. 393. The decree in favor of appellee was properly rendered.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.