(127 So. 202)
### BURDETT v. ROSSITER.
#### 6 Div. 350.

Supreme Court of Alabama.
March 27, 1930.

Aird & Aird, of Birmingham, for appellant.

Arlie Barber, of Birmingham, for appellee.

BOULDIN, J.

The suit was begun by a statutory bill to quiet title. Respondent answered denying complainant's possession and ownership, and set up claim to the lands through sheriff's deed on sale under execution. The answer further alleged complainant's claim of title is through a tax deed executed by the judge of probate and that such tax title is void. Upon further averments of possession and ownership in respondent under her sheriff's deed, the answer was made a cross-bill in the nature of a bill to quiet title.

Complainant, as respondent to the cross-bill, made answer denying the possession and ownership of title in complainant, and set up her own title under a tax deed.

At this stage the respondent in the original bill filed a motion alleging that the record shows complainant claims merely a tax title, while respondent holds under deed from the sheriff conveying the title of two named persons, alleged owners of the lands, and praying that the court ascertain the amount necessary for redemption under the terms of section 3108 of the Code.

Demurrers to the motion were overruled, and in the same decree the court ordered a reference to ascertain the amount required for redemption under section 3108.

Later a decree was rendered reciting that the petition had been granted by the former decree, proceeded to ascertain the amount of the several items named in the statute, aggregating $88.63, and decreeing that upon payment of same into court for complainant's use all her right, title, and interest in the lands be divested and vested in respondent.

From this decree the appeal is prosecuted.

■ We have construed our statute, now Code, § 3108, to confer an additional and distinct right of redemption "in cases where valid tax titles have been made, and the original owner remains in possession." Green v. Stephens, 198 Ala. 325, 73 So. 532.

■ Such right of redemption, somewhat more burdensome than where exercised under Code, § 3111, is not subject to the two year limitation of Code, § 3109. Green v. Stephens, supra.

■ By the terms of the statute, section 3108, when the owner or other person therein named is sued for possession by the holder of the tax title, such defendant may, on motion, have the amount required for redemption ascertained, and on payment of same have the plaintiff's tax title divested. For the purposes of this proceeding in an ejectment suit, the defendant and movant is treated as admitting the validity of the tax title, and no proof of same is required. Green v. Stephens, supra.

■ But we have further declared the owner remaining in possession need not await a suit in ejectment by the holder of the tax title. He may file a statutory bill to quiet title under Code, § 9905, require the defendant to set up whatever right, title, or incumbrance he claims, and, if a tax title, obtain complete relief by effecting his right of redemption under section 3108. Georgia Loan & Trust Co. v. Washington Realty Co., 205 Ala. 288, 87 So. 794.

■ Under the broad remedial provisions of Code, § 9905, the complainant does not by filing his bill admit the validity of the tax sale. If he anticipates and specifies defendant's alleged claim of tax title, he may either admit or deny its validity. If the tax title proves valid, and he establishes his right of redemption under Code, § 3108, he obtains such relief. If the tax title is found invalid, still the holder may have succeeded to the lien of the state and county, and be entitled to have a refund as per Code, §§ 3101, 3102. So, on a bill by the owner in possession to quiet title he may remove the cloud or incumbrance on his title whether the tax title set up by respondent be valid or invalid.

■ The original bill to quiet title here was filed by the holder of the tax deed. It alleges possession and ownership. Upon denial of his possession complainant had the burden of proof as to that issue. If proven, then the special right of redemption claimed by respondent as owner would fail. It exists only in favor of the owner or other person named in the statute remaining in possession. Respondent's right of redemption, if not in possession, would revert to the general statutes, sections 3109, 3110, 3111, and be subject to the limitation of section 3107 [2311].

If original complainant fails to make proof of the jurisdictional fact of possession, he cannot have relief thereon.

■ But when he brings in the respondent, who has set up by answer his claim of title, the rule is that respondent may by cross-bill have the state of his title adjudicated whether he is in possession or not. Sloss-Sheffield S. & I. Co. v. Lollar, 170 Ala. 239, 253, 54 So. 272; Smith v. Rhodes, 206 Ala. 460, 90 So. 349.

If his cross-bill takes the form of an original bill to quiet title, he must aver the jurisdictional facts entitling him to put the cross-respondent to an affirmative showing of his title. Unless such jurisdictional facts appear in pleading and proof, he cannot obtain the statutory relief on such bill.

But under the averments claiming title under sheriff's deed passing the title of named persons, alleged to be the owners, and further averment that the tax proceedings under which cross-respondent claims were null and void, cross-complainant can have those issues adjudicated under the general prayer of the cross-bill. As for any ground of demurrer assigned to the cross-bill, it was properly overruled.

■ But this record does not present a case for proceeding upon motion as in cases of ejectment under Code, § 3108.

Both parties claim possession and ownership of the property. Proof of possession is a vital issue on several phases of the case. In some aspects it will have a bearing on the question of ownership. The validity of the tax sale and deed is in issue. A proper finding as to this and the question of possession go both to respondent's ownership and his right of redemption under Code, § 3108.

The demurrer to the motion may be wanting in specification of proper grounds. Some of such grounds at least proceed on a mistaken notion of section 3108 of the Code. But the motion on its face makes no case for granting the relief. It refers to the record, the bills, and answers, recites certain matters shown therein, and assumes that these averments, without evidence, and in spite of other issues presented, make a case for relief under such motion. Such is not the correct view, as apparent from the principles above discussed.

The statutory motion for redemption under section 3108, as shown by its terms, is the appropriate remedy where the holder of the tax title sues the owner or other person named in the statute in ejectment, wherein the plaintiff admits defendant's possession, and by the motion respondent admits plaintiff's tax title, for purposes of the motion merely. The plaintiff is entitled to take issue upon the averments of the motion, and defeat same upon proof that his claim to possession does not rest upon a tax title, or that defendant is not one of the class named in the statute as entitled to such redemption. Here the court proceeded without an answer to the motion or opportunity to answer, and in an ex parte manner.

The issue, as indicated, may be litigated under the cross-bill in regular course. What character of possession entitles the owner to redeem under section 3108 is defined in Bell v. Propst, post, p. 641, 127 So. 212.

Reversed and remanded.

ANDERSON, C. J., and GARDNER and FOSTER, JJ., concur.