(127 So. 212)

**BELL v. PROPST et al.**

**6 Div. 527.**

Supreme Court of Alabama.

March 27, 1930.

642

J. J. Curtis and J. M. Pennington, both of Jasper, for appellees.

FOSTER, J.

Appellees filed a statutory bill to quiet the title of certain woodland valuable for coal deposits. Appellant was defendant and filed an answer and cross-bill. He claimed by virtue of a tax deed which appears to be regular, and pursuant to proceeding conforming to law. The cross-bill sought to quiet his title, and prayed for general relief. As a part of the answer to the cross-bill, complainants moved the court to ascertain the amount which they claimed was proper for them to pay in the exercise of the right of redemption under section 3108 of the Code, and also sought the same relief by an amendment to the original bill.

After taking the testimony, and on final hearing the court decreed that neither complainants nor respondent could have the title quieted as sought by their respective bill and cross-bill, because neither was in peaceable possession, but that complainants be granted the right of redemption under the authority of section 3108, Code.

Appellant claims that the suit is not of such nature as to make the right of redemption declared by that statute applicable. It will be noted that it is applicable "when the suit is against the person against whom the taxes were assessed, or the owner of the land at the time of the sale." It is not dependent upon the invalidity of the tax sale. Green v. Stephens, 198 Ala. 325, 73 So. 532. In that case it was held, however, to be conditioned upon the owner of the land remaining in possession. We take this to mean such possession as that the purchaser must sue for its recovery in order for him to gain its possession. But it was held by this court that the owner in possession need not wait until the purchaser sues him, but may institute a suit to quiet the title or remove a cloud, and exercise this right of redemption. Georgia Loan

J. B. Powell, of Jasper, for appellant.

& Trust Co. v. Washington Realty Co., 205 Ala. 288, 87 So. 794. To justify a suit in equity to exercise this right, the complainant must have such possession as will require some nature of suit by the purchaser at tax sale to recover it of him. It need not be that peaceable possession which will justify a statutory bill to quiet the title. For if the original owner be and remain in such possession as that it will require some nature of suit to oust him, though his possession be a scrambling one, he need not wait to be sued to stimulate an exercise of the right conferred by section 3108, but may, as was done in Georgia L. & T. Co. v. Washington Realty Co., supra, institute a suit in equity to enforce the right. Of course he could not, as the decree in this case stated, have the statutory relief to quiet the title unless he had peaceable possession. But if he is in possession and the purchaser is scrambling with him as to its retention, such situation should not deprive him of this right to file a bill for an exercise of this right of redemption whether it deprives him of relief under the statute to quiet the title or not. Montgomery v. Spears, 218 Ala. 160, 117 So. 753.

■■ But strictly speaking, the cross-bill of the tax purchaser was in effect a suit by him under the terms of the statute. True it was but a cross-suit, but it was one which invoked the assistance of the court upon the strength of the tax title alone. The former owner had leased the coal mining rights, and the operator under that lease was mining the coal. The notice to him by this purchaser at tax sale did not divest the owner of the possession held through this mine lessee. So that to that extent he was in possession, though this tax sale purchaser had also assumed control and possession of a small part of the land by fencing it, and renting it for a pasture for $1 per month. In order to obtain possession of the mines, he would have been forced to a suit. He did this in his cross-bill. He thereby began a proceeding which justified an enforcement of the right of redemption under section 3108. This right of redemption was claimed by complainants in an amendment to their bill and in their answer to the cross-bill of the tax sale purchaser setting up his tax deed and praying that his title be quieted and for general relief. Under that cross-bill he could have had the possession delivered to him.

The cross-bill was dependent upon the tax · title, and the former owner was in such possession as to require a suit to dispossess him, and the cross-bill was of a nature sufficient for that purpose; therefore the owner had the right of redemption conferred by the express terms of section 3108.

■ Though this right was properly decreed, yet, in order to obtain its benefits, the former owners were required to pay certain amounts, and this they may fail to do. In event it is not done, cross-complainant is entitled to relief to quiet his title and to be put in possession. It seems to be the settled rule that a cross-bill of that nature need not show peaceable possession in cross-complainant. But the court having jurisdiction will decree such nature of relief as the parties are due, whether legal or equitable. Smith v. Rhodes, 206 Ala. 460, 90 So. 349; Sloss-Sheffield, etc., Co. v. Lollar, 170 Ala. 239, 54 So. 272.

We think, therefore, that relief should not be denied cross-complainant, until the original complainants shall have complied with the order of the court prescribing the terms on which the right of redemption was granted. If complainants fail so to comply, relief will be due to cross-complainant on the cross-bill.

The decree of the circuit court will be so modified that it grants relief under the cross-bill in event complainants fail to exercise the right of redemption in the manner which the court may order. As modified, the decree of the court is affirmed.

Affirmed in part, and remanded, with directions, to the circuit court.

ANDERSON, C. J., and GARDNER, and BOULDIN, JJ., concur.