57 So.2d 545

### DEAN v. GRIFFITH.
6 Div. 334.

Supreme Court of Alabama.
March 10, 1952.

Sapp & Sapp, Cullman, for appellant.

Finis E. St. John, Cullman, for appellee.

FOSTER, Justice.

This suit comes here on appeal by complainant, who was cross-respondent in a cross-bill, from a decree overruling demurrer to the cross-bill.

The chief controversy is whether the complainant has lost her right to redeem certain property under mortgage by virtue of the terms of the deed to the mortgagee containing a right to redeem.

The land was owned by the husband of complainant at the time of his death. He left the widow and two sons as his sole heirs at law. The widow claimed homestead and dower rights. She and one son Lewis Dean at different times executed two mortgages on the land to appellee. The debt was not paid when due. Whereupon, she and this son and his wife executed a deed dated August 23, 1949, reciting a consideration of one dollar and other valuable consideration, conveying the land to appellee. The deed contained the following clause: "The foregoing conveyance is a deed executed in lieu of foreclosure of (the two mortgages, describing them). It being understood that the grantors herein have two years to redeem said land by the payment of the amount of the indebtedness, together with legal charges and interest, and any other indebtedness the grantors owe the grantee."

The widow was the only complainant. The bill was filed within two years and offered to pay the debt and all lawful charges claimed by respondent as may be ascertained by decree of the court, and submitted herself to the jurisdiction of the court offering to do equity. There was no demurrer to the bill, but appellee made answer and cross-bill, in which the son Lewis Dean was brought in as a party. Lewis appeared and disclaimed interest, alleging that he had conveyed his rights to complainant.

The answer alleged that on January 9, 1950, the respondent filed a suit in equity against the other son of deceased, named William E. Dean, claiming a half interest, with William E. Dean owning a half interest, and seeking a sale for division. Proceedings were had and a decree rendered ordering the land sold for division. Complainant and Lewis Dean were not made parties. A copy of the decree was attached as an exhibit to the bill, and recited the existence of the mortgages, above mentioned, and the deed in lieu of the foreclosure, and ordered the sale to be subject to the right of redemption in an undivided one-half interest, which would expire August 23, 1951. At the sale, appellee was the purchaser, and "made demand on Dovie Dean and Lewis Dean for possession of said property." But they retained possession of the home place and a portion of said land on which the same is situated, extending to the time of the filing of the cross-bill. That after said demand was made, and on to wit, April 27, 1950, respondent sued Dovie Dean and Lewis Dean in ejectment for the recovery thereof, and obtained a judgment by default. A writ of possession was issued, but was never executed. That as a result of the failure of Dovie Dean and Lewis Dean to surrender possession upon demand, they have forfeited their right to redemption. It

called upon Lewis Dean to assert any right, title or interest he might have in the property, and prayed for a final decree declaring that complainant and Lewis Dean have no right to redeem, that their right was forfeited, and that the title of cross-complainant be quieted against cross-respondent.

■ The contentions of appellant on this appeal from the decree overruling her demurrer to the cross-bill are that, there is no need of a cross-bill on account of the claim to quiet the title because the right to do so is involved in an answer setting up the matter showing that complainant has no right to redeem, and because the provisions of section 1109, Title 7, Code, were not met, especially by alleging that cross-complainant was in the peaceable possession of the land.

As to the latter contention, it is sufficient to say that such requirement is not necessary in a cross-bill, where by the bill the title to the property is to be determined between the parties. Smith v. Rhodes, 206 Ala. 460(3), 90 So. 349; Sloss-Sheffield Steel & Iron Co. v. Lollar, 170 Ala. 239, 54 So. 272; Burdett v. Rossiter, 220 Ala. 631, 127 So. 202.

■ As to the first contention noted above, we observe that the rule is thoroughly well established that where a party defendant can obtain full relief on his answer, a cross-bill should not be entertained. Becker Roofing Co. v. Meharg, 223 Ala. 163, 134 So. 864; 8 Ala.Dig. p. 515 et seq. (Equity) ☜196, and 16 Ala. Dig. (Quieting Title) ☜39. A cross-bill is available to a defendant in a statutory bill to quiet title only if the defendant seeks affirmative relief other than a mere declaration as to the title. Collier v. Alexander, 138 Ala. 245, 36 So. 367; Sloss-Sheffield Steel & Iron Co. v. Lollar, supra.

In the case of Smith v. Rhodes, supra, the cross-bill not only sought the quieting of title, which was involved in the original bill also to quiet title, but in addition the cross-bill sought to have a decree for damages for removing valuable timber from the land and sought an injunction restraining the cross-defendant from cutting the timber.

■ In the case of Burdett v. Rossiter, supra, the cross-bill not only sought to have the title quieted, but it also sought to effect a redemption authorized by a statute specially applicable. Without such prayer to obtain affirmative relief, other than a mere declaration of the state of the title, a cross-bill cannot be sustained. Lamar v. Lincoln Reserve Life Ins. Co., 222 Ala. 60, 131 So. 223; Graham v. O'Neal, 242 Ala. 72, 4 So.2d 897. A statutory cross-bill is available to bring in a new party in order to obtain complete relief. Rule 26, Equity Practice, Code 1940, Tit. 7 Appendix; Patton v. Birmingham Trust & Savings Co., 235 Ala. 586, 180 So. 264.

The case of Bell v. Propst, 220 Ala. 641, 127 So. 212, was a suit in equity, wherein the complainant in possession sought to exercise the right of redemption from a tax sale, provided in what was section 3108 of the Code of 1923 which is section 296, Title 51, Code of 1940. A cross-bill was sustained which sought to quiet the title and for general relief upon the theory that cross-complainant was entitled to affirmative relief in the event the original complainant failed to exercise the redemption which he sought, and upon such failure the cross-complainant was entitled to have his title quieted and to be put in possession. National Fireproofing Corp. v. Hagler, 226 Ala. 104, 145 So. 421.

These principles apply to the present situation, and justify the cross-bill in the instant case.

The chief question which the parties have argued on this appeal, as we have said, is whether or not the complainant has the right to redeem as prayed for in the bill, and that depends upon an interpretation and application of that feature of the deed dated August 23, 1949, to which we have referred.

Our research fails to disclose a case which is directly in point, that is to say, one dealing with a stipulation in a deed of the same import as the one here referred to, where the right was contested because possession was not delivered on demand. The

cases thought to be in point go back to the case of Stoutz v. Rouse, 84 Ala. 309, 4 So. 170, 171, in which the deed provided that the complainant "might redeem said property within two years from the date of the deed, in like manner and upon the same terms and conditions as if the said land had been sold under a decree of the chancery court to satisfy the mortgage." The next case in point of time in the history of this question is that of Peagler v. Stabler, 91 Ala. 308, 9 So. 157. In that case the deed contained no such right, but the question was whether or not a deed with no such provision could be made subject to it by a parol stipulation. The Court pointed out the fact that a deed might be held in equity to be for the security of a mortgage debt and therefore an equitable mortgage; but a right to redeem or repurchase the property could not be engrafted upon a deed except by a writing to that effect. See, also, Goree v. Clements, 94 Ala. 337, 10 So. 906.

In the case of Farrow v. Sturdivant Bank, 184 Ala. 208, 63 So. 973, the only effort was to fix a time limit in which to repurchase the property under an agreement authorizing such repurchase, specifying no time, after a deed from the mortgagor to the mortgagee. The statutory limit of two years was applied by analogy. But we think it was not intended to adopt all the conditions required by the statute. We think to do so there should be more particular reference to them.

In the case of Richardson v. Curlee, 231 Ala. 418, 165 So. 223, the reservation in the deed was of "his equity of redemption of said land as fully and completely as if the same had been regularly and legally foreclosed as provided by the terms of said mortgage." The effort made was not to enforce the stipulations of the deed, but it was claimed that the deed was given, containing those terms, as security for the mortgage debt, having the effect to extend its maturity for two years from the date of the execution of the deed.

In the case of Johnson v. Maness, 232 Ala. 411, 168 So. 452, and on second appeal 241 Ala. 157, 1 So.2d 655, the princi-

ple referred to is one which is not at all denied or disputed, to the effect that a mortgagor and mortgagee may contract with each other that a sale and conveyance of the property to the mortgagee shall stand for a more formal foreclosure, with the right of the mortgagor to redeem or repurchase according to its terms and stipulations, and that such an agreement cannot be established by parol evidence.

There is no controversy whatsoever with respect to those principles.

The right to redeem or repurchase set up in the deed is to be construed according to its terms. If, as in the case of Stoutz v. Rouse, supra, the stipulation is that the right to redeem shall be according to the terms and conditions set up by the statute for the statutory right of redemption, it thereby reads into the contract those terms and conditions. But if it is not so expressed as to include them, they are not included. It is a contractual right sought to be enforced, not a statutory right. But the statutory terms may be adopted by contract.

In the instant case, as we have shown, the stipulation is that the grantors have two years to redeem by paying the mortgage debt, legal charges and interest and any other indebtedness the grantors owe the grantee. The right of redemption under the statute requires the payment of the *purchase money* with interest at the rate of *ten percent per annum,* and all other lawful charges with legal interest. The other lawful charges include permanent improvements, taxes and other valid liens held by the purchaser or mortgagee. Section 732, Title 7, Code.

The stipulation in the deed at hand does not require the payment of ten per cent interest, but only interest as well as lawful charges, and it also requires the payment of any other indebtedness the grantors owe the grantee. This last clause brings in a requirement which is not included in the statute, for the only other indebtedness required to be paid is one which is secured by a lien upon the property. It is perfectly apparent, therefore, that all the terms and conditions of the

statutory right are not set up in the stipulations in this deed. Particularly, there is no reference to any requirement that the grantor should surrender possession within ten days upon demand by the purchaser as provided in section 730, Title 7, Code.

We therefore cannot agree with the theory of the trial court, upon the basis of which he held that the cross-bill showed that the complainant had lost or forfeited her right to redeem by her failure to deliver possession of a part of the land within ten days after demand had been made. We think the demurrer to the cross-bill should not have been overruled on that theory. But it was properly overruled, in that it sought affirmative relief in the event complainant should fail to sustain her claim of the right of redemption or should fail to exercise that right if granted, and also in that the cross-bill was appropriate to bring in another party who presumably claimed a right to redeem, in order to have that claim inquired into and settled.

Affirmed.

BROWN, LAWSON, SIMPSON and STAKELY, JJ., concur.